IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 2:22-cv-169 |
| AMAZON.COM, INC., | § § § | |
| Defendant. | § § § | |

**PLAINTIFF LEXOS MEDIA IP, LLC'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lexos Media IP, LLC ("Lexos Media IP") files this Complaint for patent infringement against Defendant Amazon.com, Inc. ("Amazon"), and alleges as follows:

**PARTIES**

1.  Plaintiff Lexos Media IP, LLC ("Lexos Media IP") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 555 Republic Drive, 2nd Floor, Plano, Texas 75074-5481. Lexos Media IP is the intellectual property holding company of Lexos Media, Inc. ("Lexos Media") and owns intellectual property associated with the business of that company. Lexos Media IP has had its principal place of business located in Plano Texas since 2015.

2.  Lexos Media was founded in 2009. Lexos Media is a digital advertising technology company that pioneered the use of dynamic cursor modification to promote the online purchase and use of products and services likely of interest to users of e-commerce websites. Lexos Media has provided a technology framework for delivering online advertising in which images and content are deployed in connection with a cursor. Lexos Media has provided this technology framework through two divisions -- AdBull and Cursor Marketing -- both of which provided

technology that could be used to modify an Internet user's cursor to display content such as an image or other message to promote the online purchase and use of products and services.  Lexos Media IP has been engaged in licensing this technology both in the online marketing space as well as other fields.

3. Amazon is a Delaware corporation with its principal office at 410 Terry Avenue North, Seattle, Washington 98109. Amazon can be served through its registered agent, Corporation Service Company, 2711 Centerville Rd., Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

5. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Amazon is subject to the specific personal jurisdiction of this Court because Lexos Media IP's claims for patent infringement against Amazon arise from Amazon's acts of infringement in the State of Texas.  These acts of infringement include operating an interactive website using the patented inventions and making that website available to persons in the State of Texas, facilitating the sale of products and services through that website to those persons.

7. Furthermore, Amazon has facilities located throughout the State of Texas, including the following cities: Austin, Brookshire, Bryan, Buda, Carrolton, Coppell, Dallas, Fort Worth, Garland, Grand Prairie, Grapevine, Haslet, Houston, Irving, Katy, Lancaster, Lewisville, Lubbock, San Antonio, San Marcos, Schertz, Sugarland and in Scurry County.  Amazon's main operations in Texas include approximately 17 fulfillment and sortation centers, 10 delivery stations, 5 Prime Now hubs, 3 tech hubs in Austin, Dallas and Houston, and 4 Amazon Air hubs.  Amazon's tech hubs in Texas conduct operations involving software development engineering, solutions architecture,

data analytics, professional services, and product management. Amazon has over 43,000 full and part-time employees in Texas. The activities conducted by Amazon and its employees at these facilities located in the State of Texas are substantially related to Amazon's infringing activities conducted in this state.

8. Therefore, this Court has personal jurisdiction over the Amazon under the Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE § 17.042.

9. Amazon also has committed the acts of infringement alleged herein and has regular and established places of business in the Eastern District of Texas.

10. Amazon, during the time frame when the Asserted Patents were in effect, made available and offered its *amazon.com* interactive website to individuals located in the Eastern District of Texas. Amazon, pursuant to its Conditions of Use for using the *amazon.com* website, entered into a license agreement with these users of the *amazon.com* website providing those individuals with access and the right to use the website and shop for products and services at the website for an unlimited period of time. The *amazon.com* website provided to these individuals implemented features and functionality that infringed the Asserted Patents and Amazon's activities in providing the infringing features and functionality to these individuals in the Eastern District of Texas also infringed the Asserted Patents.

11. Amazon conducts its business operations in the State of Texas through a variety of facilities located in Texas and, specifically, the Eastern District of Texas. In particular, Amazon has numerous physical facilities in the Eastern District of Texas. For example, Amazon has numerous fulfillment centers located in the Eastern District of Texas. These Amazon fulfillment centers are large facilities with hundreds of employees. These employees are responsible for unpacking and inspecting incoming goods; placing goods in storage and recording their

location; picking goods from their computer recorded locations to make up an individual shipment; sorting and packing orders; and shipping. The Amazon fulfillment centers are located in at least the following cities in the Eastern District of Texas: Frisco, Lewisville and McKinney.

12.     In addition, Amazon has numerous "Hub Locker Rooms" located throughout the Eastern District of Texas. An Amazon "locker" is a secure, self-service kiosk that allows an Amazon customer to pick up a package at a place and time that is convenient for the customer. Amazon lockers are located in buildings such as convenience stores, local grocery stores and apartment buildings. These lockers are owned, operated and/or under the direction and control of Amazon. The Amazon "Hub Locker Rooms" are located in at least the following cities in the Eastern District of Texas: Denton, Frisco, Longview, McKinney, New Boston, Plano, Texarkana, and Tyler.

13.     These facilities located in the Eastern District of Texas are physical, geographical locations in the district from which the business of Amazon is carried out. These facilities located in the Eastern District of Texas are **regular and established places of business** of Amazon. Furthermore, these facilities located in the Eastern District of Texas are places of business **of Amazon**.

14.     Amazon owns and operates these facilities or, alternatively, leases these facilities. Amazon directs and controls the operation of those facilities conducted for the benefit of Amazon. The activities and operations conducted at these facilities for the benefit of Amazon are a regular and established part of the business of Amazon. The individuals conducting these activities and operations for the benefit of Amazon are employees of Amazon or, alternatively, are operating under the direction and control of Amazon when conducting these activities and operations.

## THE ASSERTED PATENTS

15.     On November 30, 1999, the United States Patent and Trademark Office issued United States Patent No. 5,995,102 ("the `102 Patent") entitled "Server system and method for modifying a cursor image," a true copy of which is attached as Exhibit 1.

16.     On September 12, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,118,449 ("the `449 Patent") entitled "Server system and method for modifying a cursor image," a true copy of which is attached as Exhibit 2.

17.     Lexos Media IP is the owner by assignment of these Asserted Patents and owns all right, title, and interest in the Asserted Patents, including the right to sue for and recover all past, present, and future damages for infringement of the Asserted Patents.

## THE INNOVATION OF THE ASSERTED PATENTS

18.     The Asserted Patents are directed to improvements in the field online advertising, and provide technical solutions to problems being encountered in that burgeoning field.  In order to put the innovation of the Asserted Patents into perspective, it bears emphasis that the application for the asserted `102 Patent was filed in June 1997, a mere few years after online advertisements emerged in the ecommerce marketplace.  *See* https://en.wikipedia.org/wiki/Online_advertising.

19.     At the time of the invention underlying the Asserted Patents, there were several drawbacks to prevalent forms of online advertising, such as banner advertisements, web page "frames," and "self-appearing" advertising screens.   Thus, as the Asserted Patents emphasized, at the time of the invention of the Asserted Patents, "[t]here is a need for a simple means to deliver advertising elements without the annoyance of totally interrupting and intrusive content delivery, and without the passiveness of ordinary banner and frame advertisements which can be easily ignored."

20. The Asserted Patents provided a specific technical solution to improve online advertising technology and overcome these problems. The specification of the Asserted Patents pointed out that, while it was not new at the time for pointers and cursors to change shape, "[i]n conventional systems, the appearance of the cursor or pointer does not change to correspond with on-line content being displayed on the screen."

21. The claims of the Asserted Patents explain how the invention improves on conventional methods of online advertising. In particular, the Asserted Patents disclosed "a server system for modifying a cursor image to a specific image displayed on a video monitor of a remote user's terminal for the purposes of providing on-screen advertising."

22. The claims of the Asserted Patents specifically teach how the invention works to provide the improved online advertising technology. A web browser retrieves a web page stored on a server that is then transmitted to and viewed by a user. The retrieved web page contains a set of predetermined instructions referred to as "cursor display instructions." The browser interprets the information contained in cursor display instructions and instructs the operating system of the user's terminal to bringing about the change in appearance of the cursor within the web page. As the Asserted Patents explain, "the server system provides certain information that causes the cursor image on the video monitor of the user terminal to display an image as specified by the server system. As a result, the server system remotely defines and manages the shape and appearance of the cursor image in accordance with a pre-specified condition."

23. The claims of the Asserted Patents contain steps or elements that embody this specific process for implementing the cursor modification invention and improving online advertising. The claims focus on a specific means or method that improves online advertising

technology, and are not directed to a desired result or effect that itself is merely employs generic processes and machinery." They claim a technological solution to the technological problems and drawbacks encountered in the prior art methods for creating effective online advertising – a specific process and system for modifying the appearance of a cursor implemented on the display of a user's computer. The asserted claims are directed to a new and useful technique for performing online advertising. They are not directed to a law of nature, natural phenomena, or a business method or algorithm.

## THE ESTABLISHED VALIDITY OF THE ASSERTED PATENTS

24. In 2018, Ralph Lauren ("RL") petitioned the U.S. Patent Trial and Appeal Board (the "PTAB") for *inter partes* review of the `102 and `449 Patents. In particular, RL petitioned for *inter partes* review of claims 70-73 of the '102 Patent and claims 1-3, 5-7, 12-15, 27-29, 31-33, 38-41, 53-56, 58-63, 72-75, and 77-82 of the '449 patent. Although the PTAB cancelled some of the claims, in two final written decisions it found that RL had **not** shown that the claims 70 and 72 of the '102 Patent and claims 1-3, 5-7, 12-15, 28, 29, 31, 32, 38, 39, 53-56, 58-63, 73-75, and 77-80 of the `449 Patent are unpatentable. RL appealed the PTAB's final written decisions, and the Federal Circuit affirmed those decisions.

## THE CURSOR MODIFICATION ACCUSED INSTRUMENTALITY

25. Amazon is a multinational technology company which largely focuses on e-commerce through its *amazon.com* interactive website. It is one of the Big Five American information technology companies, alongside Alphabet (Google), Apple, Meta (Facebook), and Microsoft. Amazon has earned a reputation as a disruptor of well-established industries through implementing technological advancements, innovation and mass scale. As of 2021, it was the world's largest online retailer and marketplace. In 2021, it surpassed Walmart as the world's largest retailer outside of China, driven in large part by its paid subscription plan, Amazon Prime,

which has over 200 million subscribers. According to Alexa Internet rankings, *amazon.com* is the third most popular website in the United States and the 11th most popular website worldwide. One of the innovations Amazon has used to build the popularity and profitability of its *amazon.com* website is the cursor modification technology of the Asserted Patents (the "Accused Instrumentality") .

**FIRST CLAIM FOR RELIEF**
**(Infringement of the '102 Patent)**

26. Amazon has directly infringed Claim 72 of the '102 Patent by using the method claimed and patented in Claim 72. In particular, Amazon has infringed Claim 72 by using the claimed method when providing the cursor modification technology to individuals for use on the *amazon.com* website.

27. At all times relevant to the asserted claims, the Accused Instrumentality has comprised a method for modifying an initial cursor image displayed on a display of a user terminal connected to at least one server owned, operated and/or controlled by Amazon.

28. The method performed by Amazon via the Accused Instrumentality has included the step of Amazon receiving a request at an Amazon server to provide specified content information to a user terminal.

29. The method performed by Amazon via the Accused Instrumentality has included the step of Amazon providing specified content information to the user terminal in response to the request, which includes a cursor display instruction and an indication of cursor image data corresponding to a specific image.

30. The method performed by Amazon via the Accused Instrumentality has included the step of Amazon providing cursor display instructions and cursor display code that controls and

transforms the initial cursor image displayed on the display of the user's terminal into the shape and appearance a specific image in response to Amazon's cursor display instruction.

31. The specified content information provided by Amazon via its server has included information that is to be displayed on the display of the user's terminal.

32. The transformed specific image resulting from Amazon's infringing process has included content corresponding to at least a portion of the information that is to be displayed on the display of the user's terminal.

33. Amazon's cursor display instruction has indicated a cursor display code provided and controlled by Amazon that is operable to process the cursor display instruction to modify the initial cursor image to the cursor image in the shape and appearance of the specific image responsive to movement of the cursor image over a display of at least a portion of the information to be displayed on the display of the user's terminal.

34. To the extent that any required steps of the claim occurred on a device in the possession, custody and control of and used by a third party, Amazon performed those steps because it initiated and controlled the performance of those steps.

35. The duty to mark under 35 U.S.C. § 287 is inapplicable to the asserted method claims of the `102 Patent. There is no applicable marking requirement that has not been complied with.

36. Lexos Media IP has been damaged by Amazon's activities that infringed Claim 72 of the `102 Patent.

### SECOND CLAIM FOR RELIEF
### (Infringement of the `449 Patent)

37. Amazon has directly infringed at least Claims 1, 38, and 53 of the `449 Patent by using those patented inventions in connection with providing individuals with access to the

*amazon.com* website and to shop for products and services on the website.  By doing so, Amazon has infringed Claims 1 and 38 of the `449 Patent by using the claimed system and making that system and the *amazon.com* website available to others for use.  In addition, Amazon has infringed Claim 53 of the `449 Patent by using the claimed method when providing the *amazon.com* website for use by others.

38. In accordance with Claim 1 of the '449 Patent, at all times relevant to the asserted claims, the Accused Instrumentality has comprised a server system for modifying a cursor image to a specific image having a desired shape and appearance displayed on a display of a remote user's terminal.

39. Amazon's Accused Instrumentality has included cursor image data corresponding to the specific image.

40. Amazon's Accused Instrumentality has included cursor display code which is operable to modify the cursor image.

41. Amazon's Accused Instrumentality has included a server computer for transmitting specified content information to a remote user terminal which has included at least one cursor display instruction indicating a location of cursor image data.  Amazon's cursor display instruction and cursor display code has been operable to cause the user terminal to display a modified cursor image on the user's display in the shape and appearance of the specific image.

42. Amazon, through one of its server computers, has transmitted specified content information to a user's terminal in response to a request from the user terminal for the specified content information.

43.  Amazon's specified content information has further comprised information to be displayed on the display of the user's terminal which has included content corresponding to at least a portion of the information to be displayed on the display of the user's terminal.

44.  Amazon's cursor display code has been operable to process the cursor display instruction to modify the cursor image to a cursor image in the shape and appearance of the specific image in response to movement of the cursor image over a display of at least a portion of the information to be displayed on the display of the user's terminal.

45.  The specific image relates to at least a portion of the information to be displayed on the display of the remote user's terminal.

46.  Amazon, through the Accused Instrumentality, has used the claimed system for purposes of infringement by putting the invention into service.  In particular, Amazon has controlled each element of the system and the system as a whole and has obtained a benefit from doing so in the form of improved marketing of products and services sold by Amazon through its website.  Amazon has provided and controlled any functionality required by the claimed system that has taken place on the user/customer's computer.

47.  In accordance with Claim 53 of the '449 Patent, at all times relevant to the asserted claims, Amazon's Accused Instrumentality has comprised a method for modifying an initial cursor image displayed on a display of a user terminal connected to at least one server owned, operated and/or controlled by Amazon.

48.  In addition, the specific image generated in response to Amazon's cursor display instruction has a shape and appearance relating to the information to be displayed.

49.  In this connection, Plaintiff incorporates by reference its allegation in Paragraphs 27-34 above.

50.     The duty to mark under 35 U.S.C. § 287 is inapplicable to the asserted method claim of the `449 Patent, and there are no unmarked 'patented articles' that were sold or offered for sale by Lexos Media IP or its licensees of the `449 Patent that were subject to § 287.  In addition, Lexos Media marked its website, lexosmedia.com, with the patent numbers of the Asserted Patents.  Consequently, Lexos Media IP has complied with the marking requirement under § 287, to the extent it is applicable.

51.     Lexos Media IP has been damaged by Amazon's infringing activities.

## DEMAND FOR JURY TRIAL

52.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Lexos Media IP hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Lexos Media IP requests the following relief:

(a)     A judgment in favor of Lexos Media IP that Amazon has directly infringed one or more claims of the Asserted Patents;

(b)     A judgment and order requiring Amazon to pay Lexos Media IP damages adequate to compensate for infringement under 35 U.S.C. § 284, which, in no event shall be less than a reasonable royalty for its usage made of the inventions of the Asserted Patents, including pre- and post-judgment interest and costs;

(c)     A judgment awarding Lexos Media IP post-judgment royalties to the extent applicable; and

(d)     Any and all such further necessary or proper relief as this Court may deem just and equitable.

| | |
|---|---|
| Dated: May 24, 2022 | Respectfully submitted, |

                                                **BUETHER JOE & COUNSELORS, LLC**

                                                */s/ Eric W. Buether*
                                                Eric W. Buether (Lead Counsel)
                                                State Bar No. 03316880
                                                Eric.Buether@BJCIPLaw.com
                                                Christopher M. Joe
                                                State Bar No. 00787770
                                                Chris.Joe@BJCIPLaw.com

                                                1700 Pacific Avenue
                                                Suite 4750
                                                Dallas, Texas 75201
                                                Telephone:    (214) 466-1271
                                                Facsimile:     (214) 635-1827

                                            **ATTORNEYS FOR PLAINTIFF**
                                            **LEXOS MEDIA IP, LLC**