**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| LEXOS MEDIA IP, LLC,<br><br>　　　　　　*Plaintiff*,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>　　　　　　*Defendant*. | CASE NO. 2:22-CV-00169-JRG<br>(Lead Case) |

**AMAZON'S RULE 12(b)(6) MOTION TO DISMISS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND .......................................................................................... 2

    A. Lexos' First Amended Complaint (FAC) ........................................................... 2

    B. The Asserted Patent Claims Recite Transforming the Cursor into a "Specific Image" ................................................................................................... 3

    C. This Court's Prior Claim Construction Order in *Lexos I* .................................... 5

III. LEGAL STANDARD ...................................................................................................... 8

IV. ARGUMENT ................................................................................................................... 9

    A. The Accused Cursor Functionality Cannot Plausibly Infringe the Asserted Patents Because the Accused Modified Cursors Do Not Correspond to Content Specific to the Underlying Web Page. .................................................. 9

    B. The Alleged "Semi-Transparent Box" Is an Array of Blue Dots, Which Does Not Correspond to Content Specific to the Underlying Web Page. ........ 12

V. CONCLUSION .............................................................................................................. 14

## TABLE OF AUTHORITIES

PAGE(S)

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................................... 8

*Bot M8 LLC v. Sony Corp.*,
    4 F.4th 1342 (Fed. Cir. 2021) ................................................................................. 13-14

*Lexos Media IP, LLC v. Apmex, Inc., Costco Wholesale Corp., Musician's Friend,
    Inc., Guitar Center, Inc., Nordstrom, Inc., Saks Inc., L Brands Direct
    Marketing, Inc.* ("*Lexos I*")
    (Nos. 2:16-cv-00747, -00748, -00749, -00750, -00751, -00752) (E.D. Tex.) ................ *passim*

*Lovelace v. Software Spectrum Inc.*,
    78 F.3d 1015 (5th Cir. 1996) ........................................................................................ 8

*Neitzke v. Williams*,
    490 U.S. 319 (1989) ..................................................................................................... 8

*Piraino v. U.S. Postal Serv.*,
    69 F. Supp. 2d 889 (E.D. Tex. 1999) ........................................................................... 8

*Randall D. Wolcott, M.D., P.A. v. Sebelius*,
    635 F. 3d 757, 763 (5th Cir. 2011) ............................................................................. 12

*Torres v. Wells Fargo Bank, N.A.*,
    No. SA-14-CV-00165-OLG, 2014 WL 12591732 (W.D. Tex. Apr. 28, 2014) ......... 8, 11

**OTHER AUTHORITIES**

Charles A. Wright & Arthur R. Miller, 5A *Federal Practice and Procedure*
    (2d ed. 1990) ................................................................................................................ 8

Fed. R. Evid. 201(b) .............................................................................................................. 8, 12

Fed. R. Evid. 201(f) ..................................................................................................................... 8

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1, 8, 14

## I.     INTRODUCTION

The First Amended Complaint (ECF No. 12 ("FAC")) filed by Lexos Media IP, LLC ("Lexos") against Amazon.com, Inc. ("Amazon") should be dismissed under Rule 12(b)(6) because the infringement allegations are not just implausible, they are impossible.  Over five years ago, this Court issued a rare early claim construction order partly to shut down Lexos' pattern of serially filing and settling cases against dozens of e-commerce companies and to aid in the speedy resolution of not just those cases, but also "future cases" involving the Asserted Patents.  In that order, the Court held that the Asserted Patents require that a generic computer cursor must change shape into a "specific image" that corresponds to the underlying information displayed on a user's computer screen.  The Court further held that a generic cursor shape, such as a magnifying glass that signifies the magnification of any image, is not a "specific image."  As the Court explained, a generic magnifying glass cursor does not imply anything about the image over which the cursor is placed, so the magnifying glass is not a "specific image" as recited in the claims.

Lexos is now back asserting the same two long-expired patents and making infringement allegations nearly identical to those this Court rejected when it previously construed the claims.  Specifically, Lexos' FAC alleges infringement by Amazon.com web pages when one generic cursor (an arrow) changes into another generic cursor (a pointing hand surrounded by an array of dots).  Neither of those generic cursors is a "specific image" that corresponds to content displayed on the underlying web page.  The FAC itself drives home this distinction.  Lexos shows that placing the accused website's generic arrow cursor over an image—regardless of what that image shows, including anything from a smartphone to a recliner—changes the cursor to the *same* pointing hand surrounded by an array of dots.  That generic transition in no way corresponds to the specific content shown on the underlying webpage.  Accordingly, Lexos' FAC should be dismissed with prejudice for failure to state a plausible claim of infringement on which relief can be granted.

## II.   FACTUAL BACKGROUND

### A.   Lexos' First Amended Complaint (FAC)

Lexos sued Amazon for patent infringement on May 24, 2022. (ECF No. 1.) After Amazon pointed out deficiencies with allegations in the original Complaint, Lexos filed the FAC on August 4, 2022. (ECF No. 12.) The FAC accuses Amazon of allegedly infringing U.S. Patent Nos. 5,995,102 ("the '102 patent") and 6,118,449 ("the '449 patent") (together, the "Asserted Patents"). (*Id.* ¶¶ 28, 29, 46.) The '449 patent is a continuation of the '102 patent and shares the same title, "Server System and Method for Modifying a Cursor Image," and specification. (*Id.* at Exs. 1, 2.) Both patents expired more than five years ago on June 25, 2017. (*Id.*)

In the FAC, Lexos alleges that Amazon directly infringed claim 72 of the '102 patent and claims 1, 38, and 53 of the '449 patent by providing access to the Amazon.com website where a modified cursor image allegedly "included content corresponding to at least a portion of the information that is to be displayed on the display of the user's terminal." (FAC ¶¶ 29, 35, 46, 53.) For both patents, the FAC accuses two exemplary product pages, one showing a smartphone and the other showing a recliner. (*Id.* ¶¶ 29-43; 46-59.) The smartphone web page features images of a Samsung Galaxy S4 phone (*id.* ¶¶ 36-37), and the recliner web page contains images of a brown recliner (*id.* ¶ 40).

The images from the smartphone web page and the recliner web page show the same cursor functionality. The first image of the smartphone web page shows the cursor placed over white space and depicted as a generic arrow. (*Id.* ¶ 36 (Figure 1).) A second image of the smartphone web page shows the cursor placed over an image of the Galaxy S4 phone, with the cursor now depicted as a pointing hand surrounded by a rectangular array of blue dots that Lexos refers to as

a "shaded semi-transparent box."[1]  (*Id.* ¶ 37 (Figure 2).)  Similarly, in an image from the recliner web page, the cursor is depicted as the same pointing hand and array of dots when placed over an image of the recliner.  (*Id.* ¶ 40 (Figure 3).)

> **B.  The Asserted Patent Claims Recite Transforming the Cursor into a "Specific Image"**

Every asserted claim of the Asserted Patents requires modifying a cursor image to have a specific shape and appearance that is related to information displayed on a user's computer screen. Asserted claim 72 of the '102 patent provides in relevant part:

> A method for modifying an initial cursor image displayed on a display of a user terminal connected to at least one server, comprising . . .
>
> > providing . . . to said user terminal . . . cursor image data corresponding to a specific image; and transforming said initial cursor image . . . into the shape and appearance of said specific image. . . .
> >
> > transforming said initial cursor image . . . into the shape and appearance of said specific image in response to said cursor display instruction, . . . ***wherein said specific image includes content corresponding to at least a portion of said information that is to be displayed on said display of said user's terminal*** . . . .

(*See* '102 patent, 24:10-36 (emphasis added).)  Asserted claims 1, 38, and 53 of the '449 patent recite the same transformation of an "initial cursor image" into "the shape and appearance of [a] specific image." (*See* '449 patent, 18:40-19:6; 20:35-67; 21:30-41; 22:30-58; FAC ¶¶ 23-26.)

Through this cursor transformation into a "specific image," the patents purportedly provide "a simple means to deliver advertising elements, i.e. logos, animations, sound, impressions, text, etc., without the annoyance of totally interrupting and intrusive content delivery, and without the passiveness of ordinary banner and frame advertisements which can be easily ignored." ('102

---

[1] Amazon does not concede that the cursor includes the array of blue dots, but for purposes of this motion, the Court need not address that issue because neither the pointing hand by itself nor the pointing hand surrounded by an array of dots is a "specific image" as recited by the claims and construed by this Court.

patent at 2:27-33; *see also id.* at 1:10-2:26.)  The specification points to numerous examples in which cursor images are modified to an image that represents some or all of the subject matter being displayed on the website.  In one "Fizzy Cola" embodiment, a generic cursor takes "the appearance of a 'Fizzy Cola' bottle when a 'Fizzy Cola' banner advertisement appears among the display data of a popular search engine's site."  (*Id.* at 17:5-9; *see also id.* at 13:36-45.)  This embodiment is shown in Fig. 8 of the specification, which depicts element 44a as a modified cursor that is shaped like a soda bottle:



Figure 8 (red circle added).

Both Lexos and the inventors have acknowledged that it was known for cursors to change shape by the priority date of the Asserted Patents, but they assert that such transitions had not been previously tailored to correspond specifically to the content being displayed on the screen.  (*Id.* at 3:45-49; *see also* FAC ¶ 23 ("[W]hile it was not new at the time for pointers and cursors to change shape, '[i]n conventional systems, the appearance of the cursor or pointer does not change to correspond with on-line content being displayed on the screen.'").)

C. **This Court's Prior Claim Construction Order in *Lexos I***

Lexos previously asserted the '102 and '449 patents in dozens of cases against e-commerce defendants across the country, including six cases consolidated before this Court in 2016. *See Lexos Media IP, LLC v. Apmex, Inc., Costco Wholesale Corp., Musician's Friend, Inc., Guitar Center, Inc., Nordstrom, Inc., Saks Inc., L Brands Direct Marketing, Inc.,* (Nos. 2:16-cv-00747, -00748, -00749, -00750, -00751, -00752) ("*Lexos I*"). The same counsel currently representing Lexos also represented Lexos in those prior cases. *Id.* The *Lexos I* defendants moved for an early claim construction hearing because of concerns about Lexos' "pattern . . . of serially filing groups of cases and then settling those cases before claim construction." *Lexos I*, No. 2:16-CV-00747-JRG-RSP, 2017 WL 1021366, at *1 (E.D. Tex. Mar. 16, 2017) (Payne, M.J.); *Lexos I*, No. 2:16-CV-00747-JRG-RSP, 2016 WL 9177387 (E.D. Tex. Dec. 2, 2016) (Mot. for Early Claim Construction). In granting that motion, the Court "reason[ed] that early claim construction would aid in the speedy resolution of this ***and future cases*** involving the '102 and '449 patents." *Lexos I*, 2017 WL 1021366, at *2 (emphasis added).

During claim construction, the *Lexos I* defendants argued that Lexos' infringement theory was "implausible" because the patent claims "cannot not possibly cover the accused websites, e.g., websites in which a cursor disappears and is replaced by a magnifying glass icon when the user hovers the cursor over an image that can be magnified," as shown below. *Id.* at *1.



The Court agreed, construing "said specific image including content corresponding to at least a portion of said information to be displayed on said display of said user's terminal" to mean "an image representative of at least a portion of the subject or topic being displayed on the screen." *Id.* at *4, *6. In reaching that conclusion, the Court distinguished the claimed modified cursor images from "generic cursor" images that merely reflect what a cursor would functionally do in a particular situation (e.g., a magnifying glass that appears over a product for sale so the user could see the product in greater detail). *Id.* at *4. The Court explained that:

> Contrary to Lexos' position, when the patents explained that a "generic cursor" can "change appearance . . . in a way that is linked and related to the content, such as a web page, which is being transmitted to and displayed on the client computer," . . . this means that the cursor image itself—the content or visual characteristics of the cursor image—will morph into something that represents at least a portion of the underlying web page content.

*Id.* at *5. The Court found that transforming a cursor into a generic magnification icon is not covered under the claims because such a generic icon is not tied to specific content on the website:

> [T]here is nothing about the content of the magnification icon that prompts the user to associate the content being displayed within the magnification icon with the information being displayed on the website. If a user were to see the magnification icon off by itself, in other words, the user would not think, "guitar!" The same could not be said of every example in the description—the baseball bat on a sports

site, a pink-colored pointer on a Pink Panther site, a "witch-on-a-stick" on a Halloween site—all the examples associate the shape or appearance of the "specific image" with information on the underlying website. '102 patent at 17:32-40.

*Id*.

The Court also found that, during prosecution of the Asserted Patents, the inventors made statements to distinguish prior art reference U.S. Patent No. 5,710,897 ("Schneider") confirming that the modified cursor cannot merely be a *generic* cursor but must instead reflect *specific* content from a website. *Id.* at *3. Schneider taught modifying a pointer image to represent different events or mouse commands (e.g., "[w]hen the mouse moves over text, the 'text' pointer is displayed."). *Id.* The modified cursor images in Schneider, however, were typically selected from a group of generic cursors:



Fig. 3

*Id.* The inventors argued to the U.S. Patent & Trademark Office that "Schneider completely lacks even of a hint of the desirability of associating a cursor image with specific content information" because "cursor images in Schneider are changed when the mouse pointer moves over any window *regardless of what is being displayed within that window.*" *Id.* (emphasis in original).

### III. LEGAL STANDARD

Under Rule 12(b)(6), a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 12(b)(6). To meet this plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Dismissal of a complaint, or any claim within it, can be based on "the lack of a cognizable legal theory or . . . the absence of sufficient facts alleged under a cognizable legal theory." *Piraino v. U.S. Postal Serv.*, 69 F. Supp. 2d 889, 893 (E.D. Tex. 1999) (internal quotations omitted). Thus, a court may dismiss a complaint or any claim within it as frivolous where the claim is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In deciding a motion to dismiss, courts normally must limit their inquiry to pleadings and documents either attached to or incorporated in the complaint. *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). However, a court may consider matters properly subject to judicial notice. *Id.* at 1017-18; Fed. R. Evid. 201(f); Charles A. Wright & Arthur R. Miller, 5A *Federal Practice and Procedure* § 1357 (2d ed. 1990). A court may take judicial notice of an adjudicative fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *Torres v. Wells Fargo Bank, N.A.*, No. SA-14-CV-00165-OLG, 2014 WL 12591732, at *1 (W.D. Tex. Apr. 28, 2014) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998)).

## IV.     ARGUMENT

The FAC should be dismissed because Lexos does not (and cannot) plead a plausible inference of infringement under the claim construction applied in *Lexos I*.  This Court issued that order specifically to "aid in the speedy resolution of . . . ***future cases*** involving the '102 and '449 patents."  *Lexos I*, 2017 WL 1021366, at *2 (emphasis added).  This is such a case.  The only cursor functionality identified in the FAC is a change from one generic cursor (an arrow) to another generic cursor (a pointing hand surrounded by an array of dots).  That cannot plausibly infringe the Asserted Patents under the *Lexos I* claim construction because the accused cursors signify functionality alone and are not modified in a way that corresponds specifically to content in the underlying web page.  In other words, dismissal is warranted because, as Lexos' own allegations admit, the alleged functionality is identical in the two examples in the FAC even though the underlying content in the two examples—a smartphone and a recliner—could not be more different, and the claims require that the functionality depend on the underlying content.

> **A.     The Accused Cursor Functionality Cannot Plausibly Infringe the Asserted Patents Because the Accused Modified Cursors Do Not Correspond to Content Specific to the Underlying Web Page.**

Lexos' FAC identifies the allegedly infringing cursor functionality on two Amazon.com web pages—one showing a smartphone and the other showing a recliner.  (FAC ¶¶ 29-43; 46-59.)  In the smartphone example, the initial cursor is depicted as an arrow as shown in Figure 1.  (*Id.* ¶ 36.)



Figure 1 (excerpt).[2]

According to the FAC, a second image "reflects the modification of the initial cursor to a 'specific image,' which comprises the shaded, semi-transparent box surrounding the image of the pointing hand" when "the user mov[es] the cursor image over the display of the phone on the user's terminal." (*Id.* ¶¶ 35-38.) This is shown in Fig. 2 below. (*Id.* ¶¶ 37-38.)



Figure 2 (excerpt).

---

[2] The red boxes in the figures in the FAC were added by Lexos to the images for highlighting purposes. The red boxes are not shown on or part of the actual web pages on Amazon.com.

In the recliner example, Lexos similarly identifies the accused "specific image" as "the shaded, semi-transparent box surrounding the image of the pointing hand . . . ." (*Id.* ¶ 40.)



Figure 3 (excerpt).

None of the cursor functionality shown on the smartphone or recliner web pages can plausibly infringe the Asserted Patents. On both web pages, the change in appearance of the cursor from an arrow to a pointing hand surrounded by an array of dots reflects a magnification function. That is no different than the change from an arrow to a magnifying glass that was discussed in the *Lexos I* claim construction order as an example of non-infringing functionality. *See Lexos I*, 2017 WL 1021366, at *4. Like a magnifying glass, a hand cursor is not "an image representative of at least a portion of the subject or topic being displayed on the screen." *Id.* at *6. The hand cursor is instead generic and has no particular connection with a smartphone, a recliner, or any other product on the accused website. "If a user were to see the [pointing hand surrounded by an array of dots] off by itself, . . . the user would not think, '[cellphone or recliner]'!" *Id.* at *5.

B.  **The Alleged "Semi-Transparent Box" Is an Array of Blue Dots, Which Does Not Correspond to Content Specific to the Underlying Web Page.**

Should Lexos assert that the "shaded, semi-transparent box" renders the pointing-hand cursor to be a "specific image," it does not. The alleged "shaded, semi-transparent box" is merely an array of blue dots superimposed over the underlying image based on the position of the pointing-hand cursor, as shown in the close-up image of a portion of the recliner web page:



The source code for both the smartphone and recliner web pages show that when a browser loads the Amazon.com web pages, it downloads images for the product (e.g., smartphone or recliner) along with a tile image comprising an array of blue dots, with both web pages accessing the same tile image.³ The URL for the same tile image can be found in the source code for both web pages as http://g-ecx.images-amazon.com/images/G/01/apparel/rcxgs/tile, and it is displayed as:

---

³ The source code is part of the smartphone and recliner web pages that Lexos incorporated by reference into the FAC at ¶¶ 37, 40.  Lexos retrieved those web pages from the Internet Archive's Wayback Machine, and the source code for those pages can be accessed by right clicking and selecting "View source code." (*See* https://web.archive.org/web/20140716051456/http://www.amazon.com/Samsung-Galaxy-S4-Metro-PCS/dp/B00F9S93S8 (the Samsung Galaxy S4 smartphone webpage); https://web.archive.org/web/20160530141608/http:/www.amazon.com/ACME-Arcadia-Recliner-Chocolate-Microfiber/dp/B002WGJHHW (the recliner webpage).)  *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F. 3d 757, 763 (5th Cir. 2011) (holding that a court ruling on a 12(b)(6) motion may rely on documents properly attached to the complaint or incorporated by reference.)  Should the Court hold that the source code is outside of the pleadings, the Court can take judicial notice that the source code for the web pages cite to the same tile image, as that fact can be accurately and readily determined from the web pages' source code, whose accuracy cannot reasonable be questioned.  Fed. R. Evid. 201(b).  Moreover, Amazon notes that the Court can grant Amazon's motion to dismiss without referencing the source code at all, as the images in the FAC alone suffice to demonstrate that the array of blue dots is not a "specific image."



As one can see, the tile image of blue dots is not a "specific image" because it does not contain or correspond to any content specific to an underlying website. Thus, even if the pointing hand and array of blue dots combined are considered to be the cursor, the cursor would still be a generic image that does not "correspond[ ] to at least a portion of said information that is to be displayed on said display of said user's terminal." (*See, e.g.*, '102 patent, 24:10-36.) Instead, the pointing hand and array of blue dots are no different from the magnifying glass icon that was found to be non-infringing in the *Lexos I* claim construction order because, standing alone, they do not correspond in any way to the underlying content displayed on the computer screen. *See Lexos I*, 2017 WL 1021366, at *5. Moreover, the FAC demonstrates that the alleged modified cursor is the same pointing hand and array of blue dots when hovering over any product image, even product images as disparate as a smartphone and recliner, confirming that the modified cursor is wholly generic and not specific to the content displayed on the screen as required under the *Lexos I* claim construction order. *See Lexos I*, 2017 WL 1021366, at *4, 6.

In *Bot M8 LLC v. Sony Corp.*, the Federal Circuit affirmed the dismissal of infringement claims for a patent that required a gaming console to have a memory in which an "authentication program" is stored separate from the motherboard. 4 F.4th 1342, 1353-54 (Fed. Cir. 2021). But the complaint "allege[d] away from infringement by asserting that the purported 'authentication program' [was] stored ***on*** the . . . motherboard," contrary to the claims. *Id.* at 1354 (emphasis

added). Alleging that the accused authentication program resided on the motherboard rendered the plaintiff's "infringement claim not even possible, much less plausible." *Id*. Where "factual allegations are actually inconsistent with and contradict infringement, they are . . . insufficient to state a plausible claim." *Id*.

Lexos' infringement allegations are similarly "not even possible, much less plausible." *See id*. Lexos' allegations that the same pointing hand and array of blue dots can satisfy the modified cursor claim limitation ***no matter what*** underlying image is depicted (e.g., a smartphone or a recliner) is contrary to the specification of the Asserted Patents and the *Lexos I* claim construction order, which require the modified cursor to correspond to content specific to the web page.

## V. CONCLUSION

Despite having public access to web pages from the Amazon.com website, Lexos fails to identify even one where a cursor changes shape in a manner that could plausibly infringe the Asserted Patents. Changing a cursor from an arrow to a pointing hand or to a pointing hand and array of blue dots cannot infringe the asserted claims under this Court's prior claim construction in *Lexos I*. Therefore, Amazon respectfully requests that the Court dismiss, with prejudice, Lexos' FAC for failure to state a claim for relief pursuant to Rule 12(b)(6).

| | |
|---|---|
| Dated:  August 24, 2022 | Respectfully submitted, |

                                                            /s/ *Janice L. Ta*
                                                          Janice L. Ta, Texas 24075138
                                                          JTa@perkinscoie.com
                                                          PERKINS COIE LLP
                                                          405 Colorado St., Suite 1700
                                                          Austin, TX 78701
                                                          Tel: (737) 256-6100
                                                          Fax: (737) 256-6300

                                                          Daniel T. Shvodian, California 184576
                                                          DShvodian@perkinscoie.com
                                                          PERKINS COIE LLP
                                                          3150 Porter Drive
                                                          Palo Alto, CA  94304
                                                          Tel: (650) 838-4300
                                                          Fax: (650) 838-4350

                                                          Christina J. McCullough, Washington 47147
                                                          CMccullough@perkinscoie.com
                                                          PERKINS COIE LLP
                                                          1201 Third Avenue, Suite 4900
                                                          Seattle, WA 98101
                                                          Tel: (206) 359-8000
                                                          Fax: (206) 359-7897

                                                          Adam G. Hester, Wisconsin 1128794
                                                          (*pro hac vice application pending*)
                                                          AHester@perkinscoie.com
                                                          PERKINS COIE LLP
                                                          33 East Main Street Suite 201
                                                          Madison, WI 53703-3095
                                                          Tel: (650) 838-4311
                                                          Fax: (650) 838-4350

                                                          *Attorneys for Defendant*
                                                          *AMAZON.COM, INC.*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on August 24, 2022, to all counsel of record, via the Court's CM/ECF system.

                                                */s/ Janice L. Ta*
                                                Janice L. Ta