**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § | |
| | § | |
| v. | § | Civil Action No. 2:22-CV-00169-JRG |
| | § | (Lead Case) |
| AMAZON.COM, INC. | § | |

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § | |
| | § | |
| v. | § | Civil Action No. 2:22-CV-00175-JRG |
| | § | (Member Case) |
| TARGET CORPORATION | § | |

| | | |
|---|---|---|
| | § | |
| LEXOS MEDIA IP, LLC, | § | |
| | § | Civil Action No. 2:22-CV-00273-JRG |
| v. | § | (Member Case) |
| | § | |
| OFFICE DEPOT, INC. | § | |

**PLAINTIFF'S RESPONSE TO AMAZON.COM, INC.'S MOTION TO DISMISS**

Plaintiff Lexos Media IP, LLC ("Lexos Media") submits this response in opposition to the motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Amazon.com, Inc. ("Amazon").

## I.  INTRODUCTION

Lexos Media filed this lawsuit alleging claims for patent infringement against Amazon concerning its operation of its amazon.com website. Lexos Media alleges that Amazon has used the invention claimed in the asserted patents by providing, through its website, a cursor modification technology that enables the modification of a cursor image

displayed on the website by transforming the cursor image into a "specific image" that includes content that is representative of the product featured on the web page displayed to the user. Lexos Media alleges that this cursor modification technology enhanced the marketing and sale of products offered for sale on the amazon.com website. Lexos Media filed an Amended Complaint on August 4, 2022, to elaborate upon some of its infringement allegations regarding this "transformation" of the cursor image.

Amazon has filed a motion to dismiss asserting that Lexos Media's infringement allegations "are not just implausible, they are impossible." The infringement allegations in Lexos Media's Amended Complaint, however, are not only "possible," but they are firmly grounded in the detailed facts, as alleged in the Amended Complaint, as well as the claim language of the asserted claims and the Court's construction of that language in a previous case.

Amazon's motion should be denied because Lexos Media has alleged in detail that Amazon's website uses the patented cursor modification technology by causing a cursor image displayed on a web page to transform into the claimed "specific image" comprising a shaded and semi-transparent box surrounding the image of the pointing hand and highlighting an image representative of the product that is the subject of the displayed web page. In one example explained and illustrated in the Amended Complaint, the "specific image" highlights a portion of the image of a smartphone displayed on the web page. In another example, the "specific image" highlights a portion of a recliner chair. The transformed "specific image" in each case is not a "generic" cursor, but instead serves to highlight the product displayed on the web page and enhance its salability.

Amazon's motion erroneously contends that its website cannot infringe, as a matter of law, because it merely converts an initial generic cursor image, which does not contain any content corresponding to the subject matter of the displayed web page, into another generic cursor image that does not include content representative of the subject of the displayed web page, and, therefore, constitutes the required "specific image." Amazon's argument, however, improperly ignores and contradicts the allegations in Lexos Media's Amended Complaint showing that the Amazon website transformed the initial cursor image on a web page into a "specific image" comprising the shaded and semi-transparent box described above **that included an image representative of the product that is the subject of the displayed web page**. These allegations, when accepted as true, satisfy the requirements for the claimed "specific image" and properly allege claims for infringement of the asserted claims.

## II.    STATEMENT OF FACTS

### A.    Lexos Media's Lawsuit

Lexos Media filed this lawsuit against Amazon on May 24, 2022. *See* Dkt. 1 (Original Complaint). Lexos Media alleged that Amazon, through its website amazon.com, infringed two patents -- United States Patent No. 5,995,102 ("the `102 Patent") and United States Patent No. 6,118,449 ("the `449 Patent") (the "Asserted Patents"). The Original Complaint specifically alleged that Amazon's website used the patented inventions by providing a cursor modification technology that enabled the modification of a cursor image into a "specific image" that included content that was representative of the product being displayed on the user's display. *See* Original Complaint at ¶¶ 25-49. Lexos

Media alleged that this cursor modification technology enhanced the promotion and sale of products offered for sale on the amazon.com website. *Id*. at ¶ 25. Lexos Media also explained that the asserted claims of the Asserted Patents had survived challenges to their patentability in an *inter partes* review proceeding appealed to the Federal Circuit. *Id*. at ¶ 24.

**B.      Lexos Media's Amended Complaint**

Amazon initially responded to Lexos Media's Original Complaint by sending a letter to Lexos Media's counsel challenging the legal basis for Lexos Media's claims. *See* Exhibit A. Amazon asserted that its website did not transform an initial cursor image into the claimed "specific image." Exhibit A at 3. Lexos Media responded with a letter pointing out how Amazon's website transformed an initial cursor image into the claimed "specific image" with examples from the website. *See* Exhibit B. Lexos Media decided to file the Amended Complaint (Dkt. 12) so that its operative complaint contained much of the evidence and contentions set forth in its response to Amazon's letter showing the detailed factual basis for its claims. Thus, contrary to Amazon's contention, Lexos Media did not file the Amended Complaint because Amazon "pointed out" any "deficiencies" in the Original Complaint. *See* Amazon Motion to Dismiss (Dkt. 23) at 2.

Lexos Media, when filing the Original Complaint, and then the Amended Complaint, took to heart the Court's claim construction ruling in the prior pending litigation involving the Asserted Patents, and ensured that the claims it asserted against Amazon were entirely consistent with that ruling. *See Lexos Media IP, LLC v. APMEX,*

*Inc.*, No. 2:16-CV-00747-JRG, 2017 WL 1021366 (E.D. Tex. Mar. 16, 2017). In the *APMEX* case, the Court addressed the issue of whether a website that replaced an initial cursor image with a magnifying glass icon satisfied the requirements of the claimed "specific image." *See id.* at *1.

This Court concluded that such a magnifying glass image did not qualify as the claimed "specific image" because it had only "a shape or appearance associated with a control function." *Id.* at *5. Instead, the Court emphasized, "when the patents explain that a 'generic cursor' can 'change appearance . . . in a way that is linked and related to the content, such as a web page, which is being transmitted to and displayed on the client computer,' [citation omitted], this means that the cursor image itself -- the content or visual characteristics of the cursor image -- will morph into something that represents at least a portion of the underlying web page content." *Id.* In *APMEX*, the Court concluded as follows:

> With this understanding in mind, the Court construes the phrase "said specific image including content corresponding to at least a portion of said information to be displayed on said display of said user's terminal" to mean "an image representative of at least a portion of the subject or topic being displayed on the screen."

*Id.* at *6.

In accordance with this claim construction ruling in *APMEX*, the Amended Complaint contains the following allegation:

> The transformed specific image resulting from Amazon's infringing process is illustrated in Figure 2 below. Figure 2 is a screenshot of a web page displayed by the *amazon.com* website reflecting the claimed specific image (the shaded, semi-transparent box surrounding the image of the pointing hand appearing on the left of the screenshot surrounded by the red

box) and the claimed corresponding portion of the web page displayed on the display of the website user's terminal (on the right of the screenshot).



Figure 2

Amended Complaint at ¶ 37. The Amended Complaint further alleges that ". . . Figure 2[] reflects the modification of the initial cursor to a "specific image," which comprises the shaded, semi-transparent box surrounding the image of the pointing hand depicted in Figure 2. This modification is a consequence of the user moving the cursor image over the display of the phone on the user's terminal. *Id*. at ¶ 38.

The Amended Complaint provides another example of how the Amazon website transformed an initial cursor into the claimed "specific image":

> Shown below in Figure 3 is a screenshot of a web page displayed by the *amazon.com* website on or about May 30, 2016, reflecting the claimed specific image (the shaded, semi-transparent box surrounding the image of the pointing hand appearing on the left of the screenshot surrounded by the red box) and the claimed corresponding portion of the web page displayed on the display of the website user's terminal (on the right of the screenshot).



*Id*. at ¶ 40.

The Amended Complaint also alleges that:

**The shaded, semi-transparent box surrounding the image of the pointing hand is not a generic cursor image**. Instead, it is an image that represents some or all of the subject matter being displayed on the website. In particular, **the shaded, semi-transparent box is not merely the image of a hand, arrow or other form of functional cursor, but is an image that highlights and draws attention to the portion of the product or subject matter displayed on the web page that appears within the shaded box**. That highlighting of, and attention to, a portion of the product or subject matter displayed on the web page is enhanced by the enlarged display of that portion of the product or subject matter appearing within the shaded, semi-transparent box to the right of the specific image. **The specific image generated by Amazon's Accused Instrumentality relates the content displayed within the shaded, semi-transparent box to the content being displayed on the screen**.

*Id*. at ¶ 41 (emphasis added).

These allegations underscore that the claimed "specific image" operates as a dynamic advertising tool enabling the website user to examine the displayed product more

closely, thereby enhancing the chance that the user will purchase the product. It is a marketing tool so valuable to Amazon that it uses the tool to this very day. As explained below, these allegations are more than sufficient to show that Amazon's website has transformed an initial cursor image into the claimed "specific image," as this Court previously construed that term.

## III.    ARGUMENT

### A.    The Applicable Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is "a purely procedural question not pertaining to patent law," and so the law of the Fifth Circuit controls. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). When considering such motions, this Court "accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor." *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021).

Rule 12(b)(6) requires that a complaint contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this factual plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In resolving a motion to dismiss for failure to state a claim,

the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

**B.      Amazon's Motion Ignores the Allegations that the "Specific Image" Comprises the Shaded and Transparent Box that Includes a Partial Image of the Displayed Product**

Amazon's motion to dismiss is without merit because it ignores the well-pleaded facts alleging and showing that the accused Amazon website has transformed an initial cursor image into the claimed "specific image" comprising the shaded and transparent box that includes a partial image of the product displayed on the web page. *See* discussion, *supra*, at 5-8. Amazon, instead, erroneously fixates on the pointing hand cursor image alone appearing within the shaded and semi-transparent box comprising the claimed "specific image" alleged by Lexos Media, and disregards the rest of the alleged "specific image."

Amazon admits in its motion to dismiss that Lexos Media's Amended Complaint alleges that the "specific image" is "'the shaded, semi-transparent box surrounding the image of the pointing hand,'" pointing to the smartphone example. *See* Amazon Motion to Dismiss at 10. With regard to the recliner example in the Amended Complaint, Amazon admits that "Lexos similarly identifies the accused 'specific image' as 'the shaded, semi-transparent box surrounding the image of the pointing hand.'" *Id*. Thus, Amazon is fully

aware that the accused "specific image" is not the pointing hand cursor alone. Furthermore, the figures from the Amended Complaint depicted on these pages of Amazon's motion to dismiss confirm that Amazon fully understands that the shaded and semi-transparent box comprising the alleged "specific image" included a partial image of the product displayed on the web page – either a smartphone or recliner in the examples provided.

In addition, it bears emphasis that the claim language requires "transforming [an] "initial cursor image . . . into the shape of and appearance of [a] specific image," not merely into another cursor image. *See* Dkt. 12-1 at 23, `102 Patent, Claim 72, step c. As discussed above, this Court in *APMEX* has construed the "specific image" claim language as "an image representative of at least a portion of the subject or topic being displayed on the screen." *See supra*, at 5. The "specific image," therefore, is not required to have the appearance or functionality of a cursor image itself.[1]

Thus, the focus of the "specific image" requirement is not on a change in merely the format or functionality of the cursor image itself (e.g., the arrow or hand with a pointing finger), but in the change on the display to the user of the website of the appearance of an initial cursor image into a "specific image" having the specified content. This "specific image" only need include content corresponding to the information displayed on the web

---

[1] The claim language describing the "specific image" and the Court's construction of the term do not preclude the claimed "specific image" from including some functionality, as long as it also includes "an image representative of at least a portion of the subject or topic being displayed on the screen." *See APMEX*, 2017 WL 1021366, at *6. Unlike the magnifying glass icon involved in *APMEX*, the shaded and semi-transparent box involved in the case of the Amazon website does not merely perform a "control function," and does include "an image representative of at least a portion of the subject or topic being displayed on the screen."

page.  Lexos Media's Amended Complaint, therefore, pleads facts establishing the satisfaction of this requirement.

The claim language also explains why the focus of the "specific image" requirement is not on the functionality of the alleged "specific image."  Amazon improperly attempts to draw a parallel between the initial cursor image and the pointing hand cursor image contained within the alleged "specific image" based upon the similar functionality of the two images.  But any such similarity is irrelevant to the question of whether the shaded and semi-transparent box containing the partial image of the displayed product can qualify as the claimed "specific image."  One again, the claim language and the Court's construction of that language is concerned only with the **appearance** of the claimed "specific image" (such as its content or visual characteristics), and not its functionality.  This is why, contrary to Amazon's assertion,[2] Lexos Media's Amended Complaint does not admit anything about any similarity between the functionality of the initial cursor image and the cursor image post-transformation – because the issue is irrelevant.

Amazon's improper fixation with the cursor image alone appearing within the shaded and semi-transparent box is a function of Amazon's baseless effort to equate its infringing "specific image" with the magnifying glass icon addressed by the Court in the *APMEX* decision.  The magnifying glass icon at issue in *APMEX* did not contain any

---

[2]  *See* Amazon Motion to Dismiss at 9.  For this reason, Amazon is also wrong when it asserts that "the claims require that the functionality depend on the underlying content."  As discussed above, the "specific image" claim language merely requires that the "specific image" have a "shape and appearance" which "includes content corresponding to at least a portion of said information that is to be displayed on said display of said user's terminal."  *See supra* at 5.

content that could correspond to the subject matter of the displayed web page. *See APMEX*, 2017 WL 1021366, at *5. It merely performed the function of enlarging the image of the product displayed on the web page when the cursor is activated. *Id*. This Court concluded that these facts were insufficient to establish the magnifying glass icon as the claimed "specific image." *Id*. at *6. In this case, however, the alleged "specific image" used by Amazon's website included content representative of the product being displayed on the user's display of the web page – the smartphone in one example in the Amended Complaint, and the recliner in the other example.

Amazon's motion clearly fails to show an identity between Lexos Media's allegations in this case regarding what comprises the claimed "specific image" -- the shaded and semi-transparent box and its included contents – and the alleged "specific image" in the *APMEX* case – the magnifying glass icon, and there is none. Lexos Media's Amended Complaint does **not** allege that the alleged "specific image" on the web pages displayed though the Amazon website is the pointing hand cursor image that appears when the cursor is moved over an image of a product displayed on a web page appearing on the display of the terminal of a user. Instead, Lexos Media contends that the "specific image" displayed through the Amazon website is the shaded and semi-transparent box surrounding the pointing hand cursor image and including the partial image of the displayed product.

The fallacy in Amazon's attempt to equate the alleged "specific image" used by its website and the magnifying glass icon at issue in the *APMEX* case is easily demonstrated by a comparison of the two "specific images" in each case:



In the words used by Court in the *APMEX* case, when a website user would see the shaded and semi-transparent box including the partial image of the displayed product used by Amazon, the user **would** think "smartphone." A different shaded image of a portion of a product appears within the box for each different product displayed on a web page, as reflected in the "specific image" for the recliner in Figure 3 of the Amended Complaint. Even Amazon thinks "smartphone" or "recliner" when it sees these "specific images," as evidenced by its statement in its motion to dismiss that the alleged "specific image"

illustrated in Figure 2 of the Amended Complaint "shows the cursor placed over **an image of the Galaxy S4 phone**," and that in Figure 3, "the cursor is depicted as the same pointing hand and array of dots when placed over **an image of the recliner**." Amazon Motion to Dismiss at 2 (emphasis added).

This Court's construction of the term "modifying a cursor image" in the *APMEX* case confirms that the "specific image" resulting from the transformation of an initial cursor image can take a wide variety of forms. In *APMEX*, this Court accepted the parties' agreed construction of the term as "changing or replacing the form, shape or appearance of a cursor image." *See APMEX,* 2017 WL 1021366, at *2.

Furthermore, among the many examples of cursor modifications described in the specification is **appending an image to the cursor image**. *See, e.g.,* Dkt. 12-1 at 19, `102 Patent, Col. 16 at lines 14-16 ("[a] further feature of the invention is to support the display of a "satellite" image which tracks the cursor's position on the screen."), `102 Patent, Col. 16, lines 18-20 ("When the cursor is moved, the satellite image moves accordingly at a specific offset, as illustrated at lines 221-223 of FIG. 4"), *id.* at 20, `102 Patent, Col. 17, lines 21-28 ("The straw . . . could be separate, 'satellite' image, a 'sprite,' whose movement on the screen (in this case) is related to the movement of the cursor . . . but which reside outside the limited cursor 'space'").

Thus, Lexos Media's allegations that the alleged "specific image" used by the Amazon website was the shaded and semi-transparent box including the partial images of the smartphone or recliner are entirely consistent with the claim language, the teaching of the specification, and the Court's claim constructions in the *APMEX* case. Furthermore,

the Amended Complaint specifically alleges that the alleged "specific image" is not a "generic cursor image."  *See* Amended Complaint at ¶ 41 and discussion, *supra*, at 7.

## C.    Amazon's Alternative Argument is Based Upon a False and Misleading Depiction of the Alleged "Specific Image" and "Facts" Not Alleged in the Amended Complaint

Amazon's motion to dismiss includes an alternative argument that misrepresents the "specific image" alleged in the Amended Complaint, and relies on facts not alleged in the Amended Complaint or properly considered in evaluating the sufficiency of the allegations contained therein.  Specifically, Amazon contends that, "[s]hould Lexos assert that the 'shaded, semi-transparent box' renders the pointing-hand cursor to be a 'specific image,' it does not."  *See* Motion to Dismiss at 12.  Amazon argues, "[t]he alleged 'shaded, semi-transparent box' is merely an array of blue dots superimposed over the underlying image based on the position of the pointing-hand cursor, as shown in the close-up image of a portion of the recliner web page."  Motion to Dismiss at 12.  The so-called "close-up" of the image of the recliner appearing in the motion to dismiss, however, is a gross misrepresentation of that image, as the following illustrates:

    

Amazon "close-up" image          Amended Complaint Fig. 3

Amazon's alternative argument should be rejected for a number of reasons.

First, as can be seen from the figure in the Lexos Media's Amended Complaint and copied, in part, above, the transformed "specific image" includes a partial, but substantially complete and recognizable image of the recliner that is the subject of the web page displayed to the user. Although the alleged "specific image" also contains an array of blue dots that form the shaded aspect of the box, this does not detract from the fact that the alleged "specific image" includes the partial but recognizable image of the recliner. Amazon's argument that the alleged "specific image" merely contains "an array of blue dots," therefore, conflicts with the allegations in the Amended Complaint and what is plainly observable to any person viewing the alleged "specific image." Furthermore, the Amended Complaint specifically alleges that, with respect to recliner example, "the shaded, semi-transparent box is not merely the image of a hand, arrow or other form of functional cursor, but is an image that highlights and draws attention to the portion of the product or subject matter displayed on the web page that appears within the shaded box." Amended Complaint ¶ 41. *See also* Amended Complaint ¶ 35 (concerning the smartphone example) ("[t]he transformed specific image resulting from Amazon's infringing process has included content corresponding to at least a portion of the information that is to be displayed on the display of the user's terminal.")

Amazon does not dispute (and cannot do so in the context of a motion to dismiss) that the shaded and transparent box contains the partial but recognizable image of the displayed product. As discussed above, Amazon admits that the alleged "specific image" of the smartphone in Figure 2 of the Amended Complaint "shows the cursor placed over an image of the Galaxy S4 phone," and, in Figure 3, "the cursor is depicted as the same

pointing hand and array of dots when placed over an image of the recliner." Motion to Dismiss at 2. Its "array of dots" argument essentially ignores these alleged and indisputable facts, and misleadingly asserts that, in each case, the box contains "merely an array of dots superimposed over the underlying image." Motion to Dismiss at 12.

All images of a product displayed through a web page on a computer screen consist of an "array of dots" (i.e. pixels). The "array of dots" depicted in the "specific image" of Figures 2 and 3, therefore, constitutes a partial image of the product displayed on the web page, as the following illustrates:



In other words, the "array of dots" depicting this content corresponds to the subject of the web page – the displayed product. Lexos Media alleges this correspondence in its Amended Complaint. *See* Dkt. 12 at ¶¶ 35, 37, 40, 49, 53 and 56, and, in fact, these facts are beyond legitimate dispute. Amazon's contention that "the alleged modified cursor is the same pointing hand and array of blue dots when hovering over any product image, even product images as disparate as a smartphone and recliner," therefore, is baseless. Motion to Dismiss at 13. Thus, Amazon's "pointing hand surrounded by an array of dots"

argument is not a basis for finding that Lexos Media's infringement allegations are "impossible."

Amazon's contention that the "specific image" accused in the Amended Complaint "is merely an array of blue dots superimposed over the underlying image" is also technologically inaccurate and actually refutes its argument about a lack content corresponding to the displayed product. In a display of an image on a computer screen, no array of pixels (or dots) is actually "superimposed" over another. All pixels are arranged in a two-dimensional plane, but can be made to appear as a three-dimensional image, with one object appearing to overlay another. Therefore, Amazon's argument about one array of dots being "superimposed" over another is divorced from reality.

In addition, Amazon's contention that the "specific image" accused in the Amended Complaint "is merely an array of blue dots superimposed over **the underlying image**" (emphasis added) actually confirms that the transformed "specific image" used by the Amazon website includes content that is representative of the product displayed on the web page viewed by the user of the website. Although the image of the product displayed on the web page appearing within the shaded box does not actually "underlie" the blue dots or pixels creating the shading effect, it **appears** within that box – and that is the key.

As discussed above, the focus of the "specific image" requirement is the **display** of the image to the user of the website. The Court's claim construction in *APMEX* confirms this. In that case, the Court construed the phrase "said specific image including content corresponding to at least a portion of said information to be displayed on said display of said user's terminal" to mean **"**an image representative of at least a portion of the subject

or topic **being displayed on the screen**." *APMEX*, 2017 WL 1021366, at *6 (emphasis added). The specification also confirms that the display of the transformed or modified cursor on the display of the user of the website is the objective and purpose of the claimed invention.[3] Similarly, the specification teaches that the claim term "transforming" is equivalent to "bringing about the change or transformation of the cursor displayed **on video monitor 24**." Dkt. 12-1 at 18, `102 Patent, Col. 13:48-49 (emphasis added).[4] Thus, the precise manner in which that display is constructed is not relevant. What matters is what is displayed on the website user's computer screen. And what Lexos Media alleges and shows in its Amended Complaint is that the "specific image" of the shaded and semi-transparent box displayed on the website user's computer screen includes a partial image of the product displayed on the web page – the content required by the "specific image" claim term.

Amazon takes its meritless "array of dots" argument one frivolous step further. In particular, Amazon makes a convoluted argument based upon "source code" that it

---

[3]    *See, e.g.*, Dkt. 12-1 at 12, `102 Patent, Col. 1, lines 5-7 ("This invention relates to computer networks and software, and more particularly, to a server system capable of modifying a cursor image **displayed on a remote client computer**."); `102 Patent, Col. 2, lines 40-43 ("A more specific object of the present invention is to provide a server system for modifying a cursor image to a specific image **displayed on a video monitor of a remote user's terminal**."); `102 Patent, Col. 2, lines 44-47 ("It is another object of the present invention to provide a server system for modifying a cursor image to a specific image **displayed on a video monitor of a remote user's terminal** for the purposes of providing on-screen advertising.") (emphasis added in all quotes above).

[4]    *See also* Dkt. 12-1 at 16, `102 Patent, 9:17-19 ("accomplish the intended effect, e.g., the change or transformation of cursor 44 **visible on video monitor 24**."); `102 Patent, 10:40-41 ("performing the change, transformation or 'swap' of the cursor as it is presently **displayed on video monitor 24**") (emphasis added in all quotes above).

asserts "is part of the smartphone and recliner web pages" which it claims "Lexos incorporated by reference into the [First Amended Complaint]." Motion to Dismiss at 12 n.3. Amazon uses this "source code" to justify the disaggregation of the display of the asserted "specific image" comprising the shaded and semi-transparent box containing the partial image of the product displayed on the web page into separate digital display components. It argues that the "source code" shows that the Amazon website, to create the "specific image," downloads an image for the product and a separate "tile image comprising an array of blue dots." *See* Motion to Dismiss at 12-13. This tile image is displayed as:



*Id*. It then argues that "the tile image of blue dots is not a "specific image" because it does not contain or correspond to any content specific to an underlying website." Motion to Dismiss at 13.

There are a number of problems with this argument. First and foremost, this argument is concerned with an alleged download of a "tile image" that comprises only a portion of the "specific image" displayed on the Amazon website to the website user, and it omits the downloaded and displayed image of the product included within the alleged

"specific image." This downloaded "tile image," therefore, is irrelevant to the issue of whether the image of the "shaded and semi-transparent box" and its contents alleged to constitute the "specific image" can satisfy that requirement.

As discussed above, the focus of the claim language is on the display of the complete image on the display of the website user, not a component of that display which, by itself, is not displayed on the user's computer screen. Lexos Media's Amended Complaint alleges that Amazon's website displays the image of a shaded and semi-transparent box which includes an image of a product that is the subject of the web page displayed to the user. This satisfies the requirements of the claimed "specific image," and renders Amazon's motion to dismiss without merit. [5]

## IV.    CONCLUSION

Lexos Media's Amended Complaint clearly pleads specific facts establishing that Amazon's website transformed an initial cursor image to a "specific image" comprising a shaded and semi-transparent box including a partial image of the product displayed to the website user on the web page. The alleged "specific image" is not merely a generic cursor

---

[5] Amazon citation to the decision in *Bot M8 LLC v. Sony Corp.*, 4 F.4th 1342 (Fed. Cir. 2021), is of no help to Amazon. As Amazon admits, in *Bot M8*, the court upheld the dismissal of the complaint where the "factual allegations are actually inconsistent with and contradict infringement. *Id.* at 1354. Amazon does not identify any factual allegations in Lexos Media's Amended Complaint that are inconsistent with its infringement theory or, as the court in *Bot M8* put it, "allege[d] away from infringement. The Amended Complaint consistently alleges that the shaded, semi-transparent box is not merely the image of a hand, arrow or other form of functional cursor, but is an image that highlights and draws attention to the portion of the product or subject matter displayed on the web page that appears within the shaded box.

with generic cursor functionality. These well-pleaded facts render Amazon's motion to dismiss meritless. The Court should deny Amazon's motion to dismiss.

Dated: September 7, 2022        Respectfully submitted,

**BUETHER JOE & COUNSELORS, LLC**

By:    */s/ Eric W. Buether*
        Eric W. Buether
        State Bar No. 03316880
        Eric.Buether@BJCIPLaw.com
        Christopher M. Joe
        State Bar No. 00787770
        Chris.Joe@BJCIPLaw.com
        Kenneth P. Kula
        State Bar No. 24004749
        Ken.Kula@BJCIPLaw.com

        1700 Pacific Avenue
        Suite 4750
        Dallas, Texas 75201
        Telephone:    (214) 730-5660
        Facsimile:    (972) 707-1248

**ATTORNEYS FOR PLAINTIFF**
**LEXOS MEDIA IP, LLC**

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 7th day of September 2022. Any other counsel of record will be served by facsimile transmission and first class mail.

*/s/ Eric W. Buether*
Eric W. Buether
