# Exhibit A

PERKINSCOIE

3150 Porter Drive
Palo Alto, CA 94304-1212

T +1.650.838.4300
F +1.650.838.4350
PerkinsCoie.com

July 5, 2022

Daniel T. Shvodian
DShvodian@perkinscoie.com
D. +1.650.838.4413
F. +1.650.838.4613

*Via Email*

Eric W. Buether
Buether Joe & Carpenter, LLC
1700 Pacific Ave.
Suite 4750
Dallas, Texas 75201
Eric.Buether@BJCIPLaw.com

Re: *Lexos Media IP, LLC v. Amazon.com Inc.* - No. 2:22-cv-169 (E.D. Tex.)

Dear Counsel:

We write to notify you and Lexos Media IP, LLC ("Lexos") that Lexos is prosecuting the above-referenced litigation against Amazon.com, Inc. ("Amazon") in violation of Rule 11(b) of the Federal Rules of Civil Procedure. This litigation lacks merit, was filed without a proper pre-filing investigation, and appears to be pursued in bad faith to extract an unreasonable settlement.

Lexos broadly accuses the "[A]mazon.com website" and associated servers of infringing two asserted patents which expired no later than June 2017. But a proper Rule 11 investigation into Amazon's website from the limited time period of alleged infringement for which Lexos can seek damages (May 2016–June 2017) would have revealed that the website did not practice key limitations of the asserted claims. Most notably, Amazon's website did not "transform [an] initial cursor image displayed on [a] display of [a] user terminal into the shape and appearance of [a] specific image in response to [a] cursor display instruction … said specific image includes content corresponding to at least a portion of said information that is to be displayed on said display of said user's terminal." (*See* U.S. Patent No. 5,995,102 ("the '102 patent"), claim 72.) A similar limitation is found in the asserted claims 1, 3, and 53 of Patent No. 6,118,449 ("the '449 patent").[1]

This letter shall therefore serve as official notice that you and your client should dismiss its infringement claims with prejudice, or Amazon will seek all available sanctions, including, but not limited to sanctions pursuant to Rule 11, 35 U.S.C. § 285, and 28 U.S.C. § 1927. Such sanctions include, but are not limited to, full reimbursement of Amazon's attorneys' fees and costs.

---

[1] *See* Complaint ¶¶ 26 ('102 patent), 37 ('449 patent).

I.   **A Basic Rule 11 Investigation Would Have Revealed that Amazon Does Not Infringe the Asserted Patents.**

"One of the basic purposes of Rule 11 of the Federal Rules of Civil Procedure is 'to deter baseless filings in the district court.'" *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998). In the patent context, Rule 11 requires that counsel make a good faith attempt to estimate probable claim constructions and ensure that an accused product satisfies each claim limitation of the patent. *See Antonious v. Spalding & Evenflo Co.*, 275 F.3d 1066, 1074 (Fed. Cir. 2002).

As Lexos knows, Amazon's website is publicly accessible and was publicly accessible through the time of the alleged infringement. Additionally, the accused functionality is easily observable. And to the extent that Lexos failed to observe Amazon's website during the relevant time period, Lexos had at its disposal an extensive set of examples from the Internet Archive's Wayback Machine for how Amazon's website operated during the time period of alleged infringement. Even a cursory ten-minute review of a few product web pages on the Wayback Machine from the relevant time period in 2016-17 would have confirmed that Amazon did not infringe the asserted patents. Lexos either did not perform this basic investigation, or it did and filed this case despite direct evidence of noninfringement—either action justifies an award of monetary sanctions, at a minimum.

II.  **The Asserted Claims Require Transforming a Cursor Image Corresponding to Information Displayed to a User Under the Cursor Position.**

The asserted patents share a common specification, which describes "a means for delivering online advertisements which are unintrusive and which are not easily ignored by a user." ('102 patent at 2:37–39.) The patents recognized that "a great deal of [user] time is spent focused on the icons which represent the cursor or pointer," but "pointers [were then] not presently used to convey advertising." (*See id.* at 2:35–50.) The patents thus proposed that "generic cursor or pointer icons" such as "black arrows, hands with pointing fingers" and the like would "change appearance … in a way that is linked and related to the content" being displayed to a user (e.g., content from a web page). (*Id.* at 3:51–63.) By way of example, the specification teaches changing a generic cursor into the shape of a soda bottle on a web page advertising a brand of cola. (*See id.* 17:5–9.) The purported solution of changing a generic cursor into a content-specific cursor is a required limitation for every claim asserted against Amazon.[2]

---

[2] *See, e.g.*, '102 patent, claim 72 ("transforming said initial cursor image … into the shape and appearance of [a] specific image … wherein said specific image includes content corresponding to at least a portion of said information that is to be displayed on said display of said user's terminal" which occurs upon "movement of said cursor image over a display of said at least a portion of said information to be displayed on said display of said user's terminal."); '449 patent, claim 1 ("cause said user terminal to display a modified cursor image on said user's display in the shape

As Lexos knows, the scope of the cursor transformation limitations has already been construed by a Federal District Court. In 2017, Judge Gilstrap, the same judge presiding over Lexos' case against Amazon, issued a *Markman* order in which he construed "said specific image including content corresponding to at least a portion of said information to be displayed on said display of said user's terminal" to mean "an image representative of at least a portion of the subject or topic being displayed on the screen."[3] In reaching that conclusion, the Court distinguished the claimed representative cursor images from generic cursor images that functionally reflect what the cursor would do in a particular situation (such as a magnifying glass that appeared over a product for sale so the user could see the product in greater detail).[4] The claimed specific images taught in the specification, meanwhile, evoked the underlying displayed content: for example, "the baseball bat on a sports site, a pink-colored pointer on a Pink Panther site, a 'witch-on-a-stick' on a Halloween site."[5] The Court adopted its construction in light of these examples and the totality of the specification and file history.

### III. Amazon's Web Page Utilized Generic Cursors During the Period of Infringement.

A cursory review of archived Amazon.com web pages from May 2016–June 2017 would have revealed that users of the website were shown only generic cursors functionally related to use of the site—and not a cursor that transforms into a "specific image," wherein the "specific image includes content corresponding to at least a portion of said information that is to be displayed" on the web page.

---

and appearance of said specific image, … said specific image including content corresponding to at least a portion of [] information to be displayed on said display of said user's terminal," the cursor image being "modif[ied] … to said cursor image in the shape and appearance of said specific image in response to movement of said cursor image over a display of said at least a portion of said information to be displayed on said display of said user's terminal, and wherein said specific image relates to at least a portion of said information to be displayed on said display of said remote user's terminal."); *see also* '449 patent, claim 27 (from which asserted claim 38 depends), and claim 53.

[3] *See Lexos Media IP, LLC v. APMEX, Inc.*, No. 2:16-cv-747, *slip op* at 12–13 (E.D. Tex. Mar. 16, 2017).

[4] *See id.* at 12 (noting that "the patent applicant expressly distinguished pointer images having a shape or appearance associated with a control function, e.g., a double-headed arrow for changing the size of a display window" from the claimed specific images).

[5] *See id.* (*citing* '102 patent at 17:32–40).

Eric W. Buether
July 5, 2022
Page 4

For example, in the archived page shown below for the Amazon Echo Dot product from January 5, 2017, a user is presented with a generic pointer cursor (left image), which would transform into a flashing caret when placed over text (e.g., for selecting text to copy) (center image), or a hand pointing when the cursor was placed over a product image (right image).[6]



These same generic cursors were used in the same functional manner no matter what product page was at issue—from web pages about electronics (Echo Dot, above), to books,[7] food,[8] and household products[9] (all shown on the next page). Thus, it is clear that these cursors do not change based on content specific to a web page or advertised product.

---

[6] *See* Internet Archive of Amazon.com web page "Echo Dot," accessed as-of January 5, 2017, available at https://web.archive.org/web/20170105052436/https://www.amazon.com/All-New-Amazon-Echo-Dot-Add-Alexa-To-Any-Room/dp/B01DFKC2SO.

[7] *See* Internet Archive of Amazon.com web page "Born to Run - Hardcover," accessed as-of January 1, 2017, *available at* https://web.archive.org/web/20170101011255/https://www.amazon.com/Born-Run-Bruce-Springsteen/dp/1501141511.

[8] *See* Internet Archive of Amazon.com web page "KIND Bars, Dark Chocolate Nuts & Sea Salt," accessed as-of December 30, 2016, *available at* https://web.archive.org/web/20161230072012/https://www.amazon.com/KIND-Chocolate-Gluten-Ounce-Count/dp/B007PE7ANY.

[9] *See* Internet Archive of Amazon.com web page "AmazonBasics Microfiber Cleaning Cloth - 24 Pack," accessed as-of November 22, 2016, *available at* https://web.archive.org/web/20161122125600/https://www.amazon.com/AmazonBasics-Microfiber-Cleaning-Cloth-Pack/dp/B009FUF6DM.









### IV. Off-to-the-Side, "Zoomed-In" Product Images Cannot be the Claimed Cursor.

At a minimum, Lexos' Complaint fails to identify an allegedly infringing cursor on Amazon's Website. To the extent that Lexos will try to allege that the cursor is a "zoomed-in" excerpt of a product image displayed off-to-the-side when the actual cursor is placed over certain product images, such an assertion fails under any reasonable meaning of the word "cursor."

Various dictionaries define a cursor (in the computer user interface context) as something that is moveable by user input and which indicates the position where a user can effect certain functionality. For example, the McGraw-Hill Dictionary of Scientific and Technical Terms (1994) defined "cursor" as "[a] movable spot of light that appears on the screen of a visual display terminal and

can be positioned horizontally and vertically through [] controls to instruct the computer at what point a change is to be made."[10]  Similarly, Webster's New World Dictionary of Computer Terms (1994) described that in "graphic systems," a cursor "can take any shape (arrow, square, paint-brush, etc.) and is used to mark where the next graphic action is to take place."[11]  And PC Magazine's online encyclopedia defines cursor as "[t]he symbol used to point to some element on screen," also known as a "pointer."[12]

The specification of the asserted patents is in accord.  "It is the cursor controlled by the mouse or positioning device which a user uses to 'navigate' or move the cursor over objects, buttons, menus, scroll bars, etc., which appear on-screen and then clicking or in some cases double-clicking in order to activate a screen or task, or to commence an application of some function."  ('102 patent at 3:29–35.)  The figures and associated text show a cursor as the standard "pointer" shape (*id.* at Fig. 2 item 44, 8:32–35) or as a substitute for a standard shape, i.e., a specialized image such as a cola bottle (*id.* at Fig. 8 item 44a, 13:38–41).

In contrast, in circumstances where Amazon's website provides an off-to-the-side, zoomed-in window containing the product image (or a portion thereof), it also shows the standard and generic hand cursor.  That is, the standard cursor remained over the product image and could be moved by user input to a location where a function could be initiated, whereas the off-to-the-side window hovers over another part of the web page and away from the cursor.  If the user inputs a command via the input device, such as a "left click" by the mouse, it is the generic cursor (sitting over the original product image) and not the off-to-the-side window (sitting over text) that is utilized to perform the function (here, initiating a "pop-up" window).  This sequence is shown in the images below from the Echo Dot web page (captured from the link identified in footnote 6):

---

[10] *See McGraw-Hill Dictionary of Scientific and Technical Terms* (5th ed., 1994).

[11] *See Webster's New World Dictionary of Computer Terms* (5th ed., 1994).

[12] *See* PC Magazine Encyclopedia, *available at* https://www.britannica.com/dictionary/cursor (last accessed June 20, 2022).

Eric W. Buether
July 5, 2022
Page 7







Further, the off-to-the-side zoom window does not move in response to user movement of the input device. While the zoomed-in image shown within the off-to-the-side window will sometimes move when a cursor is moved (to "zoom-in" on the area of the product under the relocated cursor), its movement is actually the inverse of the input command (i.e., a user input of "up" moves the generic cursor upward, but the zoomed-in image downward). And regardless, the cursor is a generic arrow or hand-pointer, which does not meet the allegedly novel aspect of the claim limitations, as already construed by Judge Gilstrap.

In sum, the cursors on Amazon's website are the generic cursor symbols familiar to users of modern computer interfaces, such as arrow or hand pointer. The cursor is not the off-to-the-side zoom window because that window does not indicate a position where the user can affect certain functionality, and thus cannot be a claimed cursor. To be sure, this infringement assertion would fail for a myriad of other reasons, but this reason alone demonstrates the frivolousness of such a contention, should Lexos make that assertion.

## V.     Conclusion

Lexos has no reasonable basis for pursuing its infringement claims against Amazon for the operation of the Amazon Website during the relevant period of alleged infringement. Had Lexos conducted a reasonable pre-filing investigation, this fact should have been evident. At the very least, Lexos is now on notice of these deficiencies as of the receipt of this letter. In the event that Lexos does not promptly dismiss its meritless claims with prejudice within a week of receipt of this letter and Amazon continues to incur additional defense fees and costs, Amazon will not hesitate to seek any and all appropriate sanctions including an award of attorney's fees. Amazon reserves, and does not waive, any of its other rights, claims and remedies against you and your client.

If you believe that anything in this letter is inaccurate or that we have overlooked any information in our analysis, please bring that to our attention and we would be happy to consider it.

Sincerely,

*Daniel T. Shvodian*

Daniel T. Shvodian