# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § | |
| | § | |
| v. | § | Civil Action No. 2:22-CV-00169-JRG |
| | § | (Lead Case) |
| AMAZON.COM, INC. | § | |

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § | |
| | § | |
| v. | § | Civil Action No. 2:22-CV-00175-JRG |
| | § | (Member Case) |
| TARGET CORPORATION | § | |

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § | |
| | § | Civil Action No. 2:22-CV-00273-JRG |
| v. | § | (Member Case) |
| | § | |
| OFFICE DEPOT, INC. | § | |

## PLAINTIFF'S SUR-REPLY IN OPPOSITION TO
## AMAZON.COM, INC.'S MOTION TO DISMISS

ERIC W. BUETHER
CHRISTOPHER M. JOE
KENNETH P. KULA
BUETHER JOE & COUNSELORS, LLC

1700 Pacific Avenue, Suite 4750
Dallas, Texas 75201
(214) 466-1271

*Attorneys for Plaintiff*
*Lexos Media IP, LLC*

September 21, 2022

Amazon's reply brief continues its inappropriate fixation with the cursor image in an improper effort to force fit the facts alleged and shown in this case into the very different factual situation which the Court addressed in its claim construction decision in the *APMEX* case. For example, Amazon constantly refers to "the accused cursor on the Amazon website" as a "generic, function-driven cursor," Amazon Reply Brief at 1. The Amended Complaint, however, accuses the "specific image" depicted on an Amazon web page and displayed to a user consisting of the shaded and semi-transparent box surrounding an image of a portion of a product and cursor. Amended Complaint ¶¶ 37, 40, 41.

Amazon elaborates on this fixation by asserting that the "magnifying glass cursor discussed in the *Lexos I* claim construction order [the *APMEX* decision] [] similarly obscures the underlying product image," by comparing that magnifying glass cursor image to the "specific image" used on the web pages of the accused Amazon website. Amazon Reply Brief at 6. But this Court's ruling in *Lexos I*/*APMEX* did not turn on whether an "underlying product image" was "obscured" by a cursor image. Instead, this Court held that the magnifying glass image involved in that case did not qualify as the claimed "specific image" because it had only "a shape or appearance associated with a control function." *Lexos Media IP, LLC v. APMEX, Inc.*, No. 2:16-CV-00747-JRG, 2017 WL 1021366, at *5 (E.D. Tex. Mar. 16, 2017). This Court emphasized that "there is nothing about the content of the magnification icon that prompts the user to associate the content being displayed within the magnification icon with the information being displayed on the website." *Id.*

As mentioned, the "specific image" used by the Amazon website is alleged to be the shaded box containing a partial but recognizable image of the product displayed on the web page. The material differences between the magnifying glass cursor image involved in the *Lexos I* case and

the "specific image" used in the Amazon website are vividly illustrated in the comparison of images in Lexos Media's response to Amazon's motion to dismiss. *See* Lexos Response at 13.[1]

In furtherance of this improper fixation, Amazon reiterates its baseless contention that "the modified cursor is not 'representative of a portion of the subject o[r] topic being displayed on the screen.'" Reply at 1. Amazon makes this specious assertion even though the "modified cursor," which is the same thing as the claimed "specific image,"[2] clearly contains a partial and observable image of the product that is the subject of the displayed web page. Even Amazon admits this.[3]

Amazon, in tacit recognition that its previous fixation with the pointing hand cursor image alone was without merit, has offered an alternative definition of "the cursor" as "a pointing hand surrounded by an array of blue dots." *Id.* at 1. But this argument still improperly fixates on "the cursor" rather than the "specific image," the latter being the key claim term at issue. Amazon asserts, "the accused cursor signifies a magnification function, just like the non-infringing magnifying glass cursor." *Id*. at 2. As pointed out above, however, the Amended Complaint accuses the displayed "specific image" of enabling infringement, not a "cursor." The Amended Complaint alleges that the accused "specific image" comprises the shaded and semi-transparent

---

[1] Amazon makes an irrelevant argument about the fact that the image of the Amazon web page regarding a smartphone showing an initial cursor image (on the left of the page) from a perspective of the smartphone different from the separate image of the smartphone showing what Lexos Media asserts is a "specific image" (on the right of the page) that includes content representative of the subject matter of the web page displayed to the user. The difference referred to by Amazon is simply a function of which thumbnail image on the left of the web page was selected to be displayed. This is a distinction without a difference. The material differences between the Amazon "specific image" and the magnifying glass cursor at issue in the *Lexos I*/*APMEX* are plain to see and do not depend upon which thumbnail image is selected to be displayed.

[2] *See* Dkt. 12-2 at 20, `499 Patent, Claim 1, element [c][2] ("a modified cursor image on said user's display in the shape and appearance of said specific image").

[3] *See* Lexos Media Response at 16-17 (citing Amazon Motion to Dismiss at 12).

box surrounding an image of a portion of a product as well as the pointing hand cursor. *See* Am. Compl. ¶¶ 37, 40-41. The Amended Complaint further alleges and shows that "[t]he transformed specific image resulting from Amazon's infringing process has included content corresponding to at least a portion of the information that is to be displayed on the display of the user's terminal." *Id.* ¶ 35. These allegations are more than sufficient to distinguish this case from the magnifying glass cursor at issue in the *APMEX* case and to plead a viable claim for relief against Amazon.

This explains why Amazon misrepresents that "[b]oth parties agree that the pointing hand and array of blue dots are alleged to be the modified cursor." Reply Brief at 3 (footnote omitted). This is blatantly false. This statement by Amazon intentionally omits plaintiff's clear allegations and illustrations showing that the "specific image" includes the entire shaded and semi-transparent box surrounding, among other things, a portion of the image of the product displayed on the web page. This is made abundantly clear in plaintiff's response to Amazon's motion to dismiss:

> Amazon's motion should be denied because Lexos Media has alleged in detail that Amazon's website uses the patented cursor modification technology by causing a cursor image displayed on a web page to transform into the claimed "specific image" comprising a shaded and semi-transparent box surrounding the image of the pointing hand and highlighting an image representative of the product that is the subject of the displayed web page. In one example explained and illustrated in the Amended Complaint, the "specific image" highlights a portion of the image of a smartphone displayed on the web page. In another example, the "specific image" highlights a portion of a recliner chair.

Lexos Media Response at 2. *See also* Am. Compl. ¶¶ 37-41.

Amazon's intentionally myopic and misleading description of the alleged "specific image" excludes the critical content of the shaded and semi-transparent box comprising the "specific image" – namely, the partial image of the product displayed on the web page. As Lexos Media pointed out in its response, Amazon has admitted that the alleged "specific image" used in Amazon's website includes a partial image of the product displayed on the web page. *See* Lexos

Media Response at 9-10. *See also* Amazon Reply Brief at 2 (admitting "that [the] underlying content can partially be seen" through the shading). It is disingenuous for Amazon to now make arguments disregarding these undeniable facts alleged and shown in the Amended Complaint.

Amazon's reply brief proceeds with a series of other assertions that are untrue and improperly contradict the allegations of the Amended Complaint and the relevant claim language.

"First," Amazon asserts, "the plain language of the claims distinguishes between the 'specific image' of the modified cursor and the underlying content displayed on the computer screen." Reply Brief at 2. Amazon does not identify what distinguishing claim language it is referring to. The claim language does expressly state that "said" "specific image includes content corresponding to at least a portion of said information that is to be displayed on said display of said user's terminal." *See* Dkt. 12-1 at 23, `102 Patent, col. 24, ll. 25-29; Dkt. 12-2 at 22, `449 Patent, col. 22, ll. 45-49. Thus, this "first point" by Amazon is factually incorrect and irrelevant.

"Second," Amazon asserts, "the specification of the Asserted Patents defines a cursor by its ability to track the movement of a user's input device." Amazon Reply Brief at 2. Tellingly, Amazon does not cite the portion of the specification to which it is referring. This is so most likely because no portion of the specification defines the term "cursor" in this manner. The specification does describe a feature of a preferred embodiment as "a 'satellite' image which tracks the cursor's position on the screen." *See* Dkt. 12-1 at 19, `102 Patent, col. 16, ll. 14-17. The claim language of the asserted claims does not contain such a definition, nor does it require such "tracking." Furthermore, the Amended Complaint does not contain any allegations inconsistent with such a definition, even if the definition existed.

Amazon makes a related and equally baseless argument that "the specification [] repeatedly distinguishes between the cursor and the static underlying content displayed on a computer

4

screen," and, as a result of this distinction, "a cursor must move in response to a user's navigational input." Reply Brief at 4. Again, this argument is fixated on the cursor and ignores the requirements in the claims regarding the "specific image." The shaded and semi-transparent box discussed in the Amended Complaint is the claimed "specific image," and not a cursor. The claims do not require the image of the "underlying" product contained within the box/"specific image" to move at all. As mentioned below, the box/"specific image" used by Amazon does track the movement of a cursor. The relevant claim language, however, does not require the "specific image" to do so.

Amazon's reply brief then makes the leap from this false statement about an alleged definition of the term "cursor" to the baseless assertion that "[t]he underlying web page content that is partially obscured as the cursor rolls over it, by definition, cannot be part of the claimed 'modified cursor' [aka "specific image"] because the underlying web page image is static and does not track a user's mouse movements." *Id.* at 2. Amazon does not cite to any claim language imposing such a requirement, and there is none. As discussed above, the only limitation applicable to the "specific image" limitation is that the "specific image" includes "content corresponding to at least a portion of said information that is to be displayed on said display of said user's terminal." Dkt. 12-1 at 23, `102 Patent, col. 24, ll. 25-29; Dkt. 12-2 at 22, `449 Patent, col. 22, ll. 45-49. The Amended Complaint contains allegations that this limitation is satisfied. Am. Compl. ¶ 41.[4]

In addition, Amazon's assertion that "nothing in the specification of the Asserted Patents supports such an assertion that the underlying image is part of the modified cursor simply because it is 'highlighted' by the cursor" is without merit because the Amended Complaint does not make such an assertion. Amazon Reply Brief at 8. The Amended Complaint clearly alleges that the

---

[4] As a factual matter, the "specific image" box employed by the Amazon website **does** track the movement of the user's cursor.

"specific image" used by the Amazon website included the partial image of the displayed product. This allegation must be accepted as true unless refuted by other allegations in the pleading. More importantly, Amazon does not point to any language in the asserted claims rendering implausible the allegations regarding the semi-transparent nature of the shaded box that forms the alleged "specific image." This semi-transparent nature facilitates and enhances the "correspondence" of the content of the "specific image" to the image of the product displayed on the web page. Thus, this argument by Amazon is also frivolous.

"Third," Amazon contends, "the Court's holding in *Lexos I* distinguishes between the modified cursor and the underlying image displayed on a web page." *Id.* at 2. Amazon does not state what this distinction is, or how any such distinction is relevant to its motion to dismiss. Obviously, the claimed "specific image" is not the same thing as the underlying web page content. The pertinent question is: "So what?" Amazon does not explain. Thus, Amazon's third contention is pointless.

Equally specious are Amazon's other arguments. For example, it argues that Lexos Media's infringement theory "would lead to an implausibly broad claim scope that would cover any cursor that is partially transparent." *Id.* at 2. Amazon does not point to any allegation in the Amended Compliant that would establish this asserted invalidity defense as a matter of law. Amazon's argument also disregards the well-established principle that, if Rule 12(b)(6) is used to assert an affirmative defense, dismissal is appropriate only if the well-pleaded factual allegations in the complaint, construed in the light most favorable to the plaintiff, suffice to establish the defense. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Jones v. Bock,* 549 U.S. 199, 215 (2007). Moreover, Amazon does not point to any allegations in the Amended Complaint that, in Amazon's words, "would cover any cursor that is partially transparent."

Amazon then frivolously asserts that "[t]he accused cursor no more 'includes' or 'highlights' the underlying image than a magnifying glass cursor that similarly obscures portions of the underlying image as it rolls over it," and that, "[b]ecause the cursor does not include the portions of the underlying web page that can be seen between the blue dots, the cursor indisputably does not 'correspond to the subject or topic being displayed on the screen.'" Amazon Reply Brief at 2-3. These arguments are frivolous because, once again, Amazon improperly fixates on the "cursor" when Lexos Media clearly alleges that it is the "specific image" whose content corresponds to the information displayed on the web page. Amazon's arguments merely and improperly dispute this well-supported allegation.

Amazon also makes the legally irrelevant contention that "Lexos does not dispute that the pointing hand and array of blue dots are the same regardless of the underlying image." *Id.* at 3. This argument is irrelevant because it simply does not matter, for the purposes of infringement, whether this theoretical construct is true or not. What matters is whether the Amazon "specific image" includes "an image representative of at least a portion of the subject or topic being displayed on the screen." See *APMEX*, 2017 WL 1021366, at *6. The Amended Complaint alleges and shows that it does. That is the end of the inquiry.[5]

Indeed, as Lexos Media explained in its response, the focus of the claim language is on the display of the complete web page image on the computer screen of the website user, not a component of that display which, by itself, is not displayed on the user's computer screen. Response at 18-21. Plaintiff's Amended Complaint alleges that Amazon's website displays the image of a shaded and semi-transparent box which includes an image of a product that is the

---

[5] Also, as mentioned above, the partial image of the displayed product appearing within the "specific image" changes based upon which product is displayed on the web page and the position of the shaded box/"specific image" appearing on the displayed image of the product.

7

subject of the web page displayed to the user. Am. Compl. ¶ 41. This satisfies the requirements of the claimed "specific image," and renders Amazon's motion to dismiss without merit.

Amazon further argues without any basis that "[n]othing in the asserted claims supports a construction where the underlying information to be displayed on the user's terminal becomes a part of the cursor image upon the cursor image rolling over it." Amazon Reply Brief at 4. This is another improper "cursor-centric" argument that is irrelevant because it does not address what must be or not be "a part of the cursor image." As discussed above, what matters is the content of the "specific image" – it must include "content corresponding to at least a portion of the information that is to be displayed on the display of the user's terminal." Am. Compl. ¶ 35.

Amazon argues that Lexos Media's contention that the shaded and semi-transparent box surrounding the partial image of the displayed product "flies in the face of this Court's claim construction in *Lexos I* [the *APMEX* decision]." Amazon Reply Brief at 5. The only claim construction ruling in *Lexos I*/*APMEX* cited by Amazon in support of this assertion is the following: "'[t]here is nothing in the patent's description or prosecution history suggesting that 'corresponding,' or 'linked and related to' for that matter, can imply merely a functional or *positional relationship* between the 'specific image' and the information being displayed on the screen.'" *Id*. (quoting *APMEX*, 2017 WL 1021366, at *4) (emphasis added by Amazon). Amazon's argument, however, is a *non-sequitur*. Plaintiff does not allege "merely a functional or *positional relationship* between the 'specific image' and the information being displayed on the screen." To the contrary, the Amended Complaint alleges a visual/non-functional relationship:

> The shaded, semi-transparent box surrounding the image of the pointing hand is not a generic cursor image. Instead, it is an image that represents some or all of the subject matter being displayed on the website. In particular, **the shaded, semi-transparent box is not merely the image of a hand, arrow or other form of functional cursor, but is an image that highlights and draws attention to the portion of the product or subject matter displayed on the web page that**

> **appears within the shaded box**. That highlighting of, and attention to, a portion of the product or subject matter displayed on the web page is enhanced by the enlarged display of that portion of the product or subject matter appearing within the shaded, semi-transparent box to the right of the specific image. The specific image generated by Amazon's Accused Instrumentality relates the content displayed within the shaded, semi-transparent box to the content being displayed on the screen.

Am. Compl. ¶ 41 (emphasis added).[6]

Amazon repeats its contention that the alleged cursor of a pointing hand and array of blue dots does not correspond to content specific to the underlying web page. Reply Brief at 7. Plaintiff previously explained why this argument is unfounded. *See* Response at 16-18. Amazon's additional arguments in its reply brief in support of this contention deserve further response. First, Amazon's argument that "the cursor does not take the shape and appearance of the underlying recliner or smartphone image" and that "the cursor is merely a pointing hand surrounded by an array of blue dots that is superimposed over and is distinct from the displayed product image" ignores the claim language that clearly states that it is the "specific image," and not a "cursor" that is required to have such a shape and appearance. Reply Brief at 7. Furthermore, the Amended Complaint alleges that the Amazon website generates a "specific image" with the shape and appearance of a product displayed on a web page, and provides the examples of the smartphone and recliner. Am. Compl. ¶¶ 36-41. This alone is sufficient to defeat Amazon's motion to dismiss.

Amazon's argument improperly disputes the factual basis for Lexos Media's allegations when it argues that the "array of blue dots" is "superimposed over" and "distinct" from the displayed product image. Amazon Reply Brief at 7-8. But Amazon does not explain how the array

---

[6] Amazon once again erroneously fixates on the cursor and falsely asserts that "Lexos asserts that the positioning of the blue dot array over the underlying image somehow transforms the visible portions of that underlying image **into part of the cursor**." Amazon Reply Brief at 5 (emphasis added). The Amended Complaint clearly alleges that the partial image of the displayed product appearing within the shaded box is part of the "specific image." Am. Compl. ¶ 41.

9

of blue dots is "distinct" from "the displayed product image" from the perspective of the display to the user of the website – which is the perspective that matters. *See* Am. Compl. ¶¶ 37, 40, 41.

Amazon also inappropriately asserts that "on Amazon's website, when the cursor is moved over the underlying static mage, the cursor changes to a pointing hand surrounded by an array of blue dots," and that "the overlying cursor image is generic and is not indicative of the contents of the underlying static image." Amazon Reply Brief at 8. Again, this argument disregards the claim language specifying that the transformed cursor is the "specific image," and not a "cursor." It also improperly attempts to contradict the allegations in the Amended Complaint. For these reasons, the Court should reject this argument by Amazon.

Amazon's argument that "Lexos essentially argues that any cursor that has any transparent portion can be the claimed 'specific image,'" Amazon Reply Brief at 9, is nothing more than irresponsible rhetoric. The issue here is whether the allegations of the Amended Complaint, not some hypothetical allegations, state a plausible claim for relief, accepting all well-pleaded facts as true, and viewing them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor. *See* Lexos Media Response at 8-9.

## CONCLUSION

Amazon's motion to dismiss should be denied because it improperly ignores and contradicts the allegations in Lexos Media's Amended Complaint showing that the Amazon website transformed the initial cursor image on a web page into a "specific image" comprising the shaded and semi-transparent box described above **that included an image representative of the product that is the subject of the displayed web page**. These allegations, when accepted as true, satisfy the requirements for the claimed "specific image" and properly allege claims of infringement of the asserted claims.

10

Dated: September 21, 2022					Respectfully submitted,

					**BUETHER JOE & COUNSELORS, LLC**

					By:	*/s/ Eric W. Buether*
						Eric W. Buether
						State Bar No. 03316880
						Eric.Buether@BJCIPLaw.com
						Christopher M. Joe
						State Bar No. 00787770
						Chris.Joe@BJCIPLaw.com
						Kenneth P. Kula
						State Bar No. 24004749
						Ken.Kula@BJCIPLaw.com

						1700 Pacific Avenue
						Suite 4750
						Dallas, Texas 75201
						Telephone:	(214) 730-5660
						Facsimile:	(972) 707-1248

					**ATTORNEYS FOR PLAINTIFF**
					**LEXOS MEDIA IP, LLC**

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a) on this 21st day of September 2022. Any other counsel of record will be served by facsimile transmission and first class mail.

                                          */s/ Eric W. Buether*
                                          Eric W. Buether