IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LEXOS MEDIA IP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> OFFICE DEPOT, INC., <br><br> Defendant. | CIVIL CASE NO. 2:22-CV-00273-JRG <br><br> LEAD CASE: 2:22-CV-00169-JRG <br><br> **JURY DEMANDED** |

# DEFENDANT OFFICE DEPOT'S RULE 12(b)(6) MOTION TO DISMISS

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | BACKGROUND | 2 |
| | A. The Parties | 2 |
| | B. The Asserted Patents and This Court's Claim Construction Order Regarding the Scope of the Asserted Claims | 2 |
| | C. Accused Instrumentality and Infringement Allegations | 4 |
| | D. Lexos Refuses to Cure Its Deficient Complaint | 5 |
| III. | LEGAL STANDARD | 5 |
| IV. | LEXOS'S THREADBARE AND CONCLUSORY COMPLAINT MUST BE DISMISSED | 6 |
| V. | CONCLUSION | 9 |

## TABLE OF AUTHORITIES

**CASES**  **PAGE(S)**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................5

*Bot M8 LLC v. Sony Corp. of America*,
    4 F.4th 1342 (Fed. Cir. 2021) ..........................................................................................6, 7, 8

*Klausner Techs., Inc. v. Applied Voice & Speech Techs., Inc.*,
    No. 6:12-CV-168, 2013 WL 12246699 (E.D. Tex. Mar. 20, 2013) .........................................9

*Laitram Corp. v. Rexnord, Inc.*,
    939 F.2d 1533 (Fed. Cir. 1991) ...............................................................................................6

*Lexos Media IP, LLC v. APMEX, Inc.*,
    No. 2:16-CV-00747-JRG-RSP, 2017 WL 1021366 (E.D. Tex. Mar. 16, 2017) ..............1, 3, 4

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017) ...............................................................................................6

*Novitaz, Inc. v. inMarket Media, LLC*,
    No. 16-CV-06795, 2017 WL 2311407 (N.D. Cal. May 26, 2017) ..........................................7

*Plotkin v. IP Axess Inc.*,
    407 F.3d 690 (5th Cir.2005) ....................................................................................................7

*Realtime Data, LLC v. Morgan Stanley*,
    721 F. Supp. 2d 538 (E.D. Tex. 2010) ....................................................................................8

*Uniloc 2017 LLC v. Zenpayroll, Inc.*,
    No. CV 19-1075, 2020 WL 4260616 (D. Del. Jul. 23, 2020), *report and
    recommendation adopted sub nom.*, 2020 WL 5077416 (Aug. 27, 2020) ...............................7

*United Servs. Auto. Ass'n v. PNC Bank N.A.*,
    No. 2:21-CV-00246-JRG, 2022 WL 739521 (E.D. Tex. Jan. 14, 2022) ..................................6

*Vervain, LLC v. Micron Technology, Inc.*,
    No. 6:21-cv-00487, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ..............................................7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ...............................................................................................1, 5, 6, 8, 9

**I.      INTRODUCTION**

Defendant Office Depot moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the boilerplate patent infringement allegations filed by serial litigant Lexos Media, LLC ("Lexos"). (*See* ECF No. 1 ("Compl.").) Over the last decade, Lexos and its predecessors have sued dozens of companies that operate e-commerce websites, alleging infringement of two asserted patents, which relate to modifying computer cursors into a shape and appearance of specific content that corresponds to content that is displayed on a computer terminal (e.g., transforming a generic cursor into the shape and appearance of a baseball bat on a webpage about sports). The asserted patents expired in June 2017—over five years ago—but Lexos is apparently waging a last-ditch litigation campaign against e-commerce sites, including Office Depot, as the statute of limitations for patent damages approaches.

This Court previously issued an early claim construction order partly to shut down Lexos's pattern of serially filing and settling cases against dozens of e-commerce companies and to aid in the speedy resolution of not just those cases, but also "future cases" involving the Asserted Patents. *See Lexos Media IP, LLC v. APMEX, Inc.*, No. 2:16-CV-00747-JRG-RSP, 2017 WL 1021366, at *1 (E.D. Tex. Mar. 16, 2017) (Payne, M.J.).

Despite the guidance offered in that claim construction order, Lexos's Complaint fails to provide any factual allegations about any alleged infringement by Office Depot beyond noting the existence of the "officedepot.com" website and a nonspecific "server" through which the website operates. Lexos otherwise parrots the claim language and concludes infringement, even for key limitations that this Court has previously construed. Simply put, Office Depot cannot infringe the asserted patents merely because it operates an e-commerce website, but the Complaint fails to plausibly allege any other basis for infringement. And while Office Depot invited Lexos to provide an amended complaint to make more specific infringement allegations, as Lexos should have done

all along, Lexos declined. Lexos's Complaint remains deficient and should be dismissed.

## II. BACKGROUND

### A. The Parties

Office Depot[1] is a Delaware corporation headquartered in Boca Raton, Florida. It was founded in 1986 and is a leading provider of business services and supplies, products, and technology solutions. Relevant to this case, Office Depot operates a website, officedepot.com, through which it offers certain of those products and services for sale.

Lexos is a limited liability company incorporated in Delaware and purportedly headquartered in Plano, Texas. It was allegedly founded in 2009 as a digital advertising company that uses "dynamic cursor modification to promote the online purchase and use of products and services likely of interest to users of e-commerce websites." (Compl. ¶¶ 1, 2.)

### B. The Asserted Patents and This Court's Claim Construction Order Regarding the Scope of the Asserted Claims

Since May 2022, Lexos has filed suit in this District against eleven companies operating e-commerce websites asserting infringement of U.S. Patent Nos. 5,995,102 ("the '102 patent") and 6,118,449 ("the '449 patent") (collectively, the "asserted patents"),[2] including the current suit filed on July 21, 2022, against Office Depot. The asserted patents share a common specification and title, "Server system and method for modifying a cursor image," and expired over five years ago on June 25, 2017.

---

[1] The Complaint and caption erroneously identify as defendant "Office Depot, Inc." However, as set forth in publicly available records as well as Defendant's Rule 7.1(a) Corporate Disclosure Statement, which is filed concurrently herewith, "Office Depot, Inc." was dissolved and merged into "Office Depot, LLC" in 2020. Until such time as Lexos amends its Complaint to name a correct defendant, Office Depot will, for consistency, continue to refer to "Office Depot, Inc." in the case caption and signature block

[2] *See* Case Nos. 2:22-cv-00169, -00175, -00273, -00275, -00285, -00292, -00299, 00304, -00311, -00316, -00355.

The purportedly novel aspect of the asserted patents, found in each asserted claim,[3] requires modifying a computer cursor image into a specific shape and appearance that corresponds to information displayed on the user's computer screen. Asserted claim 72 of the '102 patent provides, in relevant part, that an "initial cursor image displayed on [a] display of [a] user terminal" is "transform[ed] … into the shape and appearance of [a] specific image," where the claimed "specific image" "includes content corresponding to at least a portion of [the] information that is to be displayed on [the] display of [the] user's terminal." (*See* '102 patent, 24:10–36.) As an example, the '102 patent specification teaches that a user's computer cursor may be transformed into the image of a cola bottle when placed over a web page for a beverage company. (*Id.* at 13:32–45 & FIG. 8.) Each asserted claim from the '449 patent likewise requires transformation of a generic cursor image into a specific image wherein the "specified image includes content corresponding to at least a portion of said information that is to be displayed on said display of said user's terminal." ('449 patent, 18:40–19:6; 20:35–67; 21:30–41; 22:30–58.)

This Court has previously recognized the importance of the "specific image" to the modified cursor limitation with respect to the asserted patents' purported novelty and claim scope. As part of an earlier Lexos litigation campaign involving the same asserted patents, this Court granted a request for an early claim construction hearing to construe the "specific image" cursor limitation. *See Lexos Media IP, LLC v. Apmex, Inc.*, 2:16-CV-00747-JRG-RSP (lead case), 2017 WL 1021366, at *1 (E.D. Tex. Mar. 16, 2017) (Roy S. Payne, M.J.) ("*Lexos I*"). There, the *Lexos I* defendants argued that Lexos's infringement theory was "implausible" because the patent claims "cannot possibly cover the accused websites, e.g., websites in which a cursor disappears and is

---

[3] Lexos asserts claim 72 of the '102 patent, and claims 1, 38, and 53 of the '499 patent. (Compl. ¶¶ 25, 36.)

replaced by a magnifying glass icon when the user hovers the cursor over an image that can be magnified." *Id*. at *1–2. This Court agreed, concluding that any modified cursor image must "includ[e] content corresponding to at least a portion of said information to be displayed on said display of said user's terminal." *Id.* at *4. This Court found that the accused magnifying glass cursor could not infringe because "there is nothing about the content of the magnification icon that prompts the user to associate the content being displayed within the magnification icon with the information being displayed on the website." *Id.* at *5. In so reasoning, the Court noted that the asserted patents were granted by the Patent Office in view of a representation by the applicant that a modified cursor in the prior art "completely lacks even of a hint of the desirability of associating a cursor image with specific content information." *Id*. at *3.

C. **Accused Instrumentality and Infringement Allegations**

Most of the complaints filed by Lexos make substantially identical boilerplate direct infringement allegations. The Complaint here is no different. Lexos alleges that the asserted claims are infringed by the "officedepot.com website" and its "server computers" (identified as the "Accused Instrumentality.") (Compl. ¶¶ 26–27, 40–41.) But beyond identifying non-specific servers purportedly controlled by Office Depot, the Complaint fails to identify any allegedly-infringing web pages, or describe the manner in which any web page allegedly infringes, except by stating that the "Allegedly Infringing Instrumentality has . . ." performed a limitation that is copied-and-pasted (or paraphrased) from the asserted claim. (*See id.* ¶¶ 26–33, 37–47.)

Notwithstanding that this Court previously granted early claim construction to provide guidance on the meaning of the "specific image" of the modified cursor to "aid in the speedy resolution of this and future cases involving" the asserted patents, *Lexos I* at *2, Lexos provides no factual allegations regarding how Office Depot allegedly practices this limitation or any other limitation.

### D. Lexos Refuses to Cure Its Deficient Complaint

Before filing this Motion, Office Depot invited Lexos to amend the Complaint so that Office Depot would be on notice of, and have an opportunity to respond directly to, specific factual allegations regarding the operation of the officedepot.com website during the eleven-month period relevant to infringement: July 2016 (six years before this case was filed) through June 2017 (when the asserted patents expired). Although Lexos provided certain factual allegations in an amended complaint against Amazon.com, which is also subject to a motion to dismiss, Lexos declined Office Depot's invitation to amend the Complaint. *See* 2:22-cv-00169 (lead case), ECF No. 23 (Amazon's Motion to Dismiss) at 2. Lexos instead directs Office Depot to its recently served infringement contentions, which are not the operating Complaint, and do not reflect that Lexos adequately investigated its infringement claims prior to filing the Complaint months ago. Lexos's refusal to amend its complaint when invited, even if to conform to its subsequently-developed infringement theories in the infringement contentions, required Office Depot to file the instant motion.

### III. LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard requires a plaintiff to plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts must take the factual allegations in a complaint as true, they "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

A claim of direct infringement requires that every element of a patent claim be "found in an accused product or process exactly or by a substantial equivalent." *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991). In addition, this Court has consistently held that "a complaint must place the alleged infringer on notice of what activity is being accused of infringement." *United Servs. Auto. Ass'n v. PNC Bank N.A.*, No. 2:21-CV-00246-JRG, 2022 WL 739521, at *1 (E.D. Tex. Jan. 14, 2022) (*citing Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017)).

### IV. LEXOS'S THREADBARE AND CONCLUSORY COMPLAINT MUST BE DISMISSED

Lexos's Complaint fails to state a plausible claim of infringement against Office Depot because it merely parrots the language of the asserted claims and then makes only conclusory allegations of infringement. Rather than amending its Complaint, as it did for Amazon, Lexos has instead chosen to move forward with a deficiently-pleaded Complaint that is implausible on its face. *See* 2:22-cv-00169 (lead case), ECF No. 23 (Amazon's Motion to Dismiss) at 2. And it does so in the face of express guidance from this Court's early claim construction order in *Lexos I* that explains exactly how the claim term "specific image" should be construed. Instead, Lexos points Office Depot to its recently served infringement contentions, which are not the operating Complaint. By ignoring the Court's guidance in drafting its Complaint, thus failing to give Office Depot earlier notice of its infringement allegations, Lexos presumably seeks to avoid an early Rule 12(b)(6) dismissal based on the merits of its arguments and gain leverage in settlement discussions. Office Depot thus seeks to dismiss Lexos' Complaint in its entirety for failure to state a claim.

In *Bot M8 LLC v. Sony Corp. of America*, the Federal Circuit affirmed the dismissal of infringement claims against at least one asserted patent because the complaint "mere[ly] recit[ed] claim elements and corresponding conclusions, without supporting factual allegations." 4 F.4th

1342, 1355 (Fed. Cir. 2021). The allegations in that complaint merely "track[ed] the claim language" and made conclusory conclusions of infringement. *Id*. Courts in this Circuit "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir.2005); *see also Vervain, LLC v. Micron Technology, Inc.*, No. 6:21-cv-00487, 2022 WL 23469, at *3 (W.D. Tex. Jan. 3, 2022) (noting that while *Bot M8* was decided under Ninth Circuit law, "the Fifth Circuit's pleading standards are not materially distinct").

Here, the infringement allegations in Lexos's Complaint consist entirely of threadbare recitals that track the language of certain elements of the asserted claims, with a conclusory and purely speculative statement that Office Depot allegedly performed some of those elements at some time in the past. By parroting the language of each referenced claim element, the Complaint adds little value and provides no grounds for alleging plausible infringement. Lexos does not point to a specific webpage or any particular cursor or mechanism on the "officedepot.com" domain that allegedly carried out the infringing acts during the period relevant to infringement (July 2016-June 2017). Courts routinely dismiss such thinly-pleaded allegations. *See, e.g.*, *Uniloc 2017 LLC v. Zenpayroll, Inc.,* No. CV 19-1075, 2020 WL 4260616, at *4–5 (D. Del. Jul. 23, 2020), *report and recommendation adopted sub nom.*, 2020 WL 5077416 (Aug. 27, 2020) (dismissing infringing complaint that "repeats the claim language without explaining how [the accused] product infringes," such as through "examples of how the product met the elements of the asserted claim."); *Novitaz, Inc. v. inMarket Media, LLC,* No. 16-CV-06795, 2017 WL 2311407 at *4 (N.D. Cal. May 26, 2017) (dismissing complaint for failure to provide factual allegations regarding certain claim elements, which was not saved by allegations that "merely parrot[ed] claim language").

Lexos's infringement allegations are especially deficient because they provide no factual

1342, 1355 (Fed. Cir. 2021). The allegations in that complaint merely "track[ed] the claim language" and made conclusory conclusions of infringement. *Id*. Courts in this Circuit "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir.2005); *see also Vervain, LLC v. Micron Technology, Inc.*, No. 6:21-cv-00487, 2022 WL 23469, at *3 (W.D. Tex. Jan. 3, 2022) (noting that while *Bot M8* was decided under Ninth Circuit law, "the Fifth Circuit's pleading standards are not materially distinct").

Here, the infringement allegations in Lexos's Complaint consist entirely of threadbare recitals that track the language of certain elements of the asserted claims, with a conclusory and purely speculative statement that Office Depot allegedly performed some of those elements at some time in the past. By parroting the language of each referenced claim element, the Complaint adds little value and provides no grounds for alleging plausible infringement. Lexos does not point to a specific webpage or any particular cursor or mechanism on the "officedepot.com" domain that allegedly carried out the infringing acts during the period relevant to infringement (July 2016-June 2017). Courts routinely dismiss such thinly-pleaded allegations. *See, e.g.*, *Uniloc 2017 LLC v. Zenpayroll, Inc.,* No. CV 19-1075, 2020 WL 4260616, at *4–5 (D. Del. Jul. 23, 2020), *report and recommendation adopted sub nom.*, 2020 WL 5077416 (Aug. 27, 2020) (dismissing infringing complaint that "repeats the claim language without explaining how [the accused] product infringes," such as through "examples of how the product met the elements of the asserted claim."); *Novitaz, Inc. v. inMarket Media, LLC,* No. 16-CV-06795, 2017 WL 2311407 at *4 (N.D. Cal. May 26, 2017) (dismissing complaint for failure to provide factual allegations regarding certain claim elements, which was not saved by allegations that "merely parrot[ed] claim language").

Lexos's infringement allegations are especially deficient because they provide no factual

1342, 1355 (Fed. Cir. 2021). The allegations in that complaint merely "track[ed] the claim language" and made conclusory conclusions of infringement. *Id*. Courts in this Circuit "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir.2005); *see also Vervain, LLC v. Micron Technology, Inc.*, No. 6:21-cv-00487, 2022 WL 23469, at *3 (W.D. Tex. Jan. 3, 2022) (noting that while *Bot M8* was decided under Ninth Circuit law, "the Fifth Circuit's pleading standards are not materially distinct").

Here, the infringement allegations in Lexos's Complaint consist entirely of threadbare recitals that track the language of certain elements of the asserted claims, with a conclusory and purely speculative statement that Office Depot allegedly performed some of those elements at some time in the past. By parroting the language of each referenced claim element, the Complaint adds little value and provides no grounds for alleging plausible infringement. Lexos does not point to a specific webpage or any particular cursor or mechanism on the "officedepot.com" domain that allegedly carried out the infringing acts during the period relevant to infringement (July 2016-June 2017). Courts routinely dismiss such thinly-pleaded allegations. *See, e.g.*, *Uniloc 2017 LLC v. Zenpayroll, Inc.,* No. CV 19-1075, 2020 WL 4260616, at *4–5 (D. Del. Jul. 23, 2020), *report and recommendation adopted sub nom.*, 2020 WL 5077416 (Aug. 27, 2020) (dismissing infringing complaint that "repeats the claim language without explaining how [the accused] product infringes," such as through "examples of how the product met the elements of the asserted claim."); *Novitaz, Inc. v. inMarket Media, LLC,* No. 16-CV-06795, 2017 WL 2311407 at *4 (N.D. Cal. May 26, 2017) (dismissing complaint for failure to provide factual allegations regarding certain claim elements, which was not saved by allegations that "merely parrot[ed] claim language").

Lexos's infringement allegations are especially deficient because they provide no factual

allegation regarding how Office Depot performs the modified specific image cursor limitation, a limitation key to the purported novelty of the asserted patents. *See Bot M8*, 4 F.4th 1342, 1353 ("The level of detail required in any given case will vary depending upon," *inter alia*, "the materiality of any given element to practicing the asserted claim(s)"). For example, with respect to the '102 patent, none of Lexos' allegations address how and where on Office Depot's website or servers Office Depot purportedly "provid[e] cursor display instructions and cursor display code that controls and transforms the initial cursor image displayed on the display of the user's terminal into the shape and appearance of a specific image in response to Office Depot's cursor display instruction" (Compl. ¶ 29); "transform[ ] [a] specific image" to "include[ ] content corresponding to at least a portion of the information that is to be displayed on the display of the user's terminal" (*id.* at ¶ 31); or "modif[y] the initial cursor image to the cursor image in the shape and appearance of the specific image responsive to movement of the cursor image over a display of at least a portion of the information to be displayed on the display of the user's terminal." (*id.* at ¶ 32). Lexos's allegations with respect to the similar limitations in the '449 patent are likewise nonexistent. (*See id.* at ¶¶ 36–47.) Lexos's failure to plead facts relating to the modified specific image cursor limitation have prevented this Court from the very kind of "speedy resolution" that it contemplated through the early claim construction order in *Lexos I*.

Finally, the vague allegations in Lexos's Complaint against the "officedepot.com website" are no more sufficient than the barebones allegations dismissed by courts in this District in cases where a plaintiff merely identifies a broad and vague category of products and then states that the products infringe. *See, e.g.*, *Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 539, 543 (E.D. Tex. 2010) (granting 12(b)(6) motion to dismiss where plaintiff's identification of "data compression products and/or services" was too "vague" to put defendants on notice as to "what

'data compression products and/or services' refers"); *Klausner Techs., Inc. v. Applied Voice & Speech Techs., Inc.,* No. 6:12-CV-168, 2013 WL 12246699, at *2 (E.D. Tex. Mar. 20, 2013) (granting a motion to dismiss for failure to state a claim of direct infringement because "visual voicemail products" is too vague of a description "to put the Defendant on notice"). During the period relevant to the alleged infringement, the officedepot.com website presumably contained thousands of web pages corresponding to at least the many products Office Depot was offering for sale. Lexos's barebones allegations do nothing to narrow or identify even one webpage in which a cursor is transformed into the claimed modified specific image cursor. The Complaint therefore fails to plausibly allege infringement by Office Depot and should be dismissed.

## V. CONCLUSION

For the foregoing reasons, and pursuant to Fed. R. Civ. P. 12(b)(6), Defendant respectfully requests that the Court grant this motion and dismiss Plaintiff's Complaint in its entirety.

Respectfully submitted,

September 21, 2022

*/s/ James F. Valentine*
_____
Janice L. Ta, Texas Bar No. 24075138
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado St., Suite 1700
Austin, TX 78701
Tel: (737) 256-6100
Fax: (737) 256-6300

James F. Valentine, CA Bar No. 149269
JValentine@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, California 94304-1212

Adam G. Hester, WI Bar No. 1128794
(Admitted *Pro Hac Vice*)
AHester@perkinscoie.com
PERKINS COIE LLP
33 E Main St, Ste 201
Madison, Wisconsin 53703-3095

ATTORNEYS FOR DEFENDANT
OFFICE DEPOT, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on September 21, 2022.

*/s/ James F. Valentine*
James F. Valentine