IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:22-CV-00169-JRG |
| AMAZON.COM, INC. | § § | (LEAD CASE) |
| *Defendant*. | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Amazon.com, Inc.'s ("Amazon") Motion to Dismiss ("Motion"). (Dkt. No. 23). In the Motion, Amazon moves to dismiss Plaintiff Lexos Media IP, LLC's ("Lexos") claims that Amazon infringes U.S. Patent Nos. 5,995,102 (the "'102 Patent") and 6,118,449 (the "'449 Patent") (together, the "Asserted Patents") (Dkt. No. 12 at ¶¶ 29–61). Having considered the Motion and briefing, the Court finds the Motion should be **DENIED** for the reasons set forth herein.

**I.    PROCEDURAL BACKGROUND**

Lexos filed its Complaint against Amazon on May 24, 2022 (Dkt. No. 1). On August 4, 2022, Lexos amended its Complaint to include additional factual allegations. (Dkt. No. 12). Amazon filed its Motion on August 24, 2022 seeking the dismissal of Lexos's Amended Complaint on the grounds that it does not state a plausible claim of infringement on which relief can be granted. (Dkt. No. 23). Amazon asserts that the Court's claim construction order issued in a prior

proceeding involving Lexos and the Asserted Patents[1] ("Claim Construction Order") precludes any finding of infringement by Amazon in this matter. (*Id*. at 4).

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Court can dismiss a complaint that fails to meet this standard. Fed. R. Civ. P. 12(b)(6). To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face. *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true. *Id.* "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Twombly,* 550 U.S. at 555.

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'" *Script Sec. Sols. L.L.C. v.*

---

[1] *Lexos Media IP, LLC v. Apmex, Inc., Costco Wholesale Corp., Musician's Friend, Inc., Guitar Center, Inc., Nordstrom, Inc., Saks Inc., L Brands Direct Marketing, Inc*., (Nos. 2:16-cv-00747, 00748, -00749, -00750, -00751, -00752) ("*Lexos I*").

*Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

**III.    DISCUSSION**

In its Motion, Amazon argues that the *Lexos I* Claim Construction Order precludes any finding that Amazon's accused cursor functionality infringes the claims of the Asserted Patents. (Dkt. No. 23). Specifically, Amazon argues that its accused cursor functionality cannot possibly infringe the Asserted Patents because the accused modified cursors, or the semi-transparent box containing an array of blue dots, do not correspond to content specific to the underlying web page. (*Id.*). As explained below, the Court need not address the merits of Lexos's infringement allegations at this stage of the litigation and, instead, finds that Lexos's Amended Complaint is sufficient to put Amazon on notice of the claims.

**A.    Factual Background**

In its Amended Complaint, Lexos alleges that Amazon directly infringed claim 72 of the '102 patent and claims 1, 38, and 53 of the '449 patent by providing access to the Amazon.com website where a modified cursor image allegedly "included content corresponding to at least a portion of the information that is to be displayed on the display of the user's terminal." (Dkt. No. 12 at ¶¶ 29, 35, 46, 53.) For example, Lexos alleges that the below web image "reflects the modification of the initial cursor to a 'specific image,' which comprises the shaded, semi-transparent box surrounding the image of the pointing hand depicted in Figure 2":



(*Id*. at 10).

Amazon's Motion asks the Court to take judicial notice of the Claim Construction Order issued in *Lexos I*. (Dkt. No. 23 at 11, 12). In *Lexos I*, Lexos filed a series of consolidated patent infringement actions against defendants who maintained online retail websites. *Lexos Media IP, LLC v. APMEX, Inc.,* 2017 WL 1021366 at * 1 (E.D. Tex. Mar 16, 2017). At the request of the defendants, the Magistrate Judge conducted an early claim construction hearing and issued the Claim Construction Order, which was subsequently adopted by the District Court. (*Id.*) (*see* Dkt. Nos. 86, 95, Case No. 2:16-cv-747). In the Claim Construction Order, the Court construed the phrase, "said specific image including content corresponding to at least a portion of said information to be displayed on said display of said user's terminal" to mean "an image representative of at least a portion of the subject or topic being displayed on the screen." *See Lexos Media IP, LLC*, 2017 WL 1021366 at * 6.

### B. Amazon's Motion

At the 12(b)(6) stage, Amazon argues that the Claim Construction Order in *Lexos I* serves as a death knell for Lexos's claims in this proceeding. Amazon asks the Court to find that the cursor on its website is not, as set forth in the *Lexos I* Claim Construction Order, "an image representative of at least a portion of the subject or topic being displayed on the screen." (Dkt. No. 23 at 14, 16). Said another way, Amazon invites the Court to go beyond an analysis of Lexos's pleaded allegations and to weigh evidence concerning these allegations. The Court declines such invitation.

The Court will not take on the role of factfinder at this juncture. Instead, the Court has properly considered whether Lexos's Amended Complaint states enough facts such that the claim to relief is plausible on its face. *Thompson*, 764 F.3d at 502. At the pleadings stage, the Court draws all reasonable inferences in Lexos's favor and likewise finds that Lexos has pled facts sufficient to state a claim. Indeed, Amazon's Motion demonstrates that Amazon is fully apprised of Lexos's allegations in this matter. While Amazon's assertion that the Lexos's claims are barred by the Claim Construction Order might be properly raised at the later summary judgment stage, the Court finds that Lexos's allegations are sufficient at the pleadings stage.

### IV. CONCLUSION

For the reasons stated herein, Amazon's Motion is **DENIED**.

**So Ordered this**
**Nov 1, 2022**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

5