**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § | |
| | § | Civil Action No. 2:22-CV-00169-JRG |
| v. | § | (Lead Case) |
| | § | |
| AMAZON.COM, INC. | § | |

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § | |
| | § | Civil Action No. 2:22-CV-00175-JRG |
| v. | § | (Member Case) |
| | § | |
| TARGET CORPORATION | § | |

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § | |
| | § | Civil Action No. 2:22-CV-00273-JRG |
| v. | § | (Member Case) |
| | § | |
| OFFICE DEPOT, LLC | § | |

**PLAINTIFF LEXOS MEDIA IP, LLC'S**
**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Lexos Media IP, LLC ("Lexos Media IP") files this Amended Complaint for

patent infringement against Defendant Target Corporation ("Target"), and alleges as follows:

**PARTIES**

1.     Plaintiff Lexos Media IP, LLC ("Lexos Media IP") is a limited liability company

organized and existing under the laws of the State of Delaware, with its principal place of business

located at 555 Republic Drive, 2nd Floor, Plano, Texas 75074-5481.  Lexos Media IP is the

intellectual property holding company of Lexos Media, Inc. ("Lexos Media") and owns intellectual

property associated with the business of that company.  Lexos Media IP has had its principal place of business located in Plano Texas since 2015.

2.     Lexos Media was founded in 2009.  Lexos Media is a digital advertising technology company that pioneered the use of dynamic cursor modification to promote the online purchase and use of products and services likely of interest to users of e-commerce websites.  Lexos Media has provided a technology framework for delivering online advertising in which images and content are deployed in connection with a cursor.  Lexos Media has provided this technology framework through two divisions -- AdBull and Cursor Marketing -- both of which provided technology that could be used to modify an Internet user's cursor to display content such as an image or other message to promote the online purchase and use of products and services.  Lexos Media IP has been engaged in licensing this technology both in the online marketing space as well as other fields.

3.     Defendant Target Corporation ("Target") is a Minnesota corporation with its principal executive offices located at 1000 Nicollet Mall, Minneapolis, Minnesota.

## JURISDICTION AND VENUE

4.     This is an action for patent infringement arising under the patent laws of the United States of America, Title 35, United States Code.

5.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     Target has already appeared in this action by filing an answer.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b).

8.     Target operates and controls the target.com interactive website. Target, pursuant to its Terms and Conditions applicable to the target.com website, entered into a license agreement with users of the target.com website granting those individuals "a limited license to access and

make personal use of the Site [the target.com website] and the Content" of the website.  The Target Terms and Conditions also provide that the website user "not modify or alter the Content" of the website.  The target.com website provided to these individuals by Target implemented features and functionality that infringed the Asserted Patents.

## THE ASSERTED PATENTS

9.      On November 30, 1999, the United States Patent and Trademark Office issued United States Patent No. 5,995,102 ("the `102 Patent") entitled "Server system and method for modifying a cursor image," a true copy of which is attached as Exhibit 1.

10.     On September 12, 2000, the United States Patent and Trademark Office issued United States Patent No. 6,118,449 ("the `449 Patent") entitled "Server system and method for modifying a cursor image," a true copy of which is attached as Exhibit 2.

11.     On July 5, 2011, the United States Patent and Trademark Office issued United States Patent No. 7,975,241 ("the `241 Patent") entitled "System for replacing a cursor image in connection with displaying the contents of a web page," a true copy of which is attached as Exhibit 3.

12.     Lexos Media IP is the owner by assignment of these Asserted Patents and owns all right, title, and interest in the Asserted Patents, including the right to sue for and recover all past, present, and future damages for infringement of the Asserted Patents.

## THE INNOVATION OF THE ASSERTED PATENTS

13.     The Asserted Patents are directed to improvements in the field online advertising, and provide technical solutions to problems being encountered in that burgeoning field.  In order to put the innovation of the Asserted Patents into perspective, it bears emphasis that the application for the asserted `102 Patent was filed in June 1997, a mere few years after online advertisements emerged in the ecommerce marketplace.  *See* https://en.wikipedia.org/wiki/Online_advertising.

14.     At the time of the invention underlying the Asserted Patents, there were several drawbacks to prevalent forms of online advertising, such as banner advertisements, web page "frames," and "self-appearing" advertising screens.  Thus, as the Asserted Patents emphasized, at the time of the invention of the Asserted Patents, "[t]here is a need for a simple means to deliver advertising elements without the annoyance of totally interrupting and intrusive content delivery, and without the passiveness of ordinary banner and frame advertisements which can be easily ignored."

15.     The Asserted Patents provided a specific technical solution to improve online advertising technology and overcome these problems.  The specification of the Asserted Patents pointed out that, while it was not new at the time for pointers and cursors to change shape, "[i]n conventional systems, the appearance of the cursor or pointer does not change to correspond with on-line content being displayed on the screen."

16.     The claims of the Asserted Patents explain how the invention improves on conventional methods of online advertising.  In particular, the Asserted Patents disclosed "a server system for modifying a cursor image to a specific image displayed on a video monitor of a remote user's terminal for the purposes of providing on-screen advertising."

17.     The claims of the Asserted Patents specifically teach how the invention works to provide the improved online advertising technology.  A web browser retrieves a web page stored on a server that is then transmitted to and viewed by a user.  The retrieved web page contains a set of predetermined instructions referred to as "cursor display instructions." The browser interprets the information contained in cursor display instructions and instructs the operating system of the user's terminal to bringing about the change in appearance of the cursor within the web page.  As the Asserted Patents explain, "the server system provides

certain information that causes the cursor image on the video monitor of the user terminal to display an image as specified by the server system. As a result, the server system remotely defines and manages the shape and appearance of the cursor image in accordance with a pre-specified condition."

18.    The claims of the Asserted Patents contain steps or elements that embody this specific process for implementing the cursor modification invention and improving online advertising.  The claims focus on a specific means or method that improves online advertising technology, and are not directed to a desired result or effect that itself merely employs generic processes and machinery.  They claim a technological solution to the technological problems and drawbacks encountered in the prior art methods for creating effective online advertising – a specific process and system for modifying the appearance of a cursor implemented on the display of a user's computer. The asserted claims directed to a new and useful technique for performing online advertising.  They are not directed to a law of nature, natural phenomena, or a business method or algorithm.

## THE ESTABLISHED VALIDITY OF THE ASSERTED PATENTS

19.    In 2018, Ralph Lauren ("RL") petitioned the U.S. Patent Trial and Appeal Board (the "PTAB") for *inter partes* review of the `102 and `449 patents.   In particular, RL petitioned for *inter partes* review of claims 70-73 of the '102 Patent and claims 1-3, 5-7, 12-15, 27-29, 31-33, 38-41, 53-56, 58-63, 72-75, and 77-82 of the '449 Patent.  Although the PTAB cancelled some of the claims, in two final written decisions it found that RL had **not** shown that claims 70 and 72 of the '102 Patent and claims 1-3, 5-7, 12-15, 28, 29, 31, 32, 38, 39, 53-56, 58-63, 73-75, and 77-80 of the `449 Patent are unpatentable.  RL appealed the PTAB's final written decisions, and the Federal Circuit affirmed those decisions.

## THE CURSOR MODIFICATION ACCUSED INSTRUMENTALITY

20.     One of the innovations Target has used to build the popularity and profitability of its target.com website is the cursor modification technology covered by the Asserted Patents (the "Accused Instrumentality").  More than a decade ago, Target discussed in its annual report its "multichannel strategy" whereby it was placing increased emphasis on its digital distribution channels, including its website target.com, to increase the revenue and profits generated by the target.com website.  [Target 2011 Annual Report].  In this connection, Target explained that:

> Multichannel retailing is rapidly evolving and we must keep pace with changing guest expectations and new developments by our competitors. If we are unable to attract and retain team members or contract third parties with the specialized skills needed to support our multichannel platforms, or are unable to implement improvements to our guest-facing technology in a timely manner, our ability to compete and our results of operations could be adversely affected. In addition, if Target.com and our other guest-facing technology systems do not function as designed, we may experience a loss of guest confidence, data security breaches, lost sales or be exposed to fraudulent purchases, which could adversely affect our reputation and results of operations.

*Id*.  Target's adoption and continued use of the patented cursor modification technology has been an important aspect of its "multichannel strategy" to increase revenue and profits.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '102 Patent)

21.     Target has directly infringed Claim 72 of the '102 Patent by using the method claimed and patented in Claim 72.  In particular, Target has infringed Claim 72 by using the claimed method when providing the cursor modification technology to individuals for use on the target.com website.

22.     Since at least 2016, Target has used a method via the Accused Instrumentality for modifying an initial cursor image displayed on a display of a user terminal connected to at least one server owned, operated and/or controlled by Target.

23.     The method performed by Target via the Accused Instrumentality has included the step of Target receiving a request to provide a web page to a user terminal.

24.     The method performed by Target via the Accused Instrumentality has included the step of Target transmitting and providing a web page to a user terminal in response to the request for a web page.

25.     The web page provided by Target via the Accused Instrumentality has included one or more instructions to modify an initial cursor image and contains data corresponding to a specific image displayed, or to be displayed, on a user's terminal that is a modification of an initial cursor image.

26.     The method performed by Target via the Accused Instrumentality has included the step of Target providing instructions and code that has controlled and transformed the initial cursor image displayed on the display of the user's terminal into a specific image with a particular shape and appearance in response to Target's instructions.

27.     The transformed specific image resulting from Target's infringing process has included content corresponding to at least a portion of the information that is to be displayed on the display of the user's terminal.

28.     The transformed specific image resulting from Target's infringing process is illustrated in Figures 1 and 2 below.  Figures 1 and 2 are screenshots of web pages displayed by the target.com website reflecting the claimed specific image, the slightly shaded and semi-transparent rectangle including an image of a portion of a product displayed on the web page, and which is the claimed content corresponding to a portion of the images and text displayed on the display of the user's terminal appearing to the bottom of the screenshots.



Figure 1

Figure 2

29.     The web pages depicted in Figures 1 and 2 reflect the modification of the initial cursor to a "specific image," which comprises the slightly shaded and semi-transparent rectangle including an image of a portion of a product displayed on the web page depicted in Figures 1 and

2.  This modification is a consequence of the user moving the cursor image over the display of the sofa on the user's terminal.

30.     Target's instructions have indicated code provided and controlled by Target that is operable to process the instructions to modify the initial cursor image to the image in the shape and appearance of the specific image responsive to movement of the cursor image over a display of at least a portion of the information to be displayed on the display of the user's terminal.

31.     The shaded, semi-transparent box surrounding the image of the pointing hand is not a generic cursor image.  Instead, it is an image that represents some or all of the subject matter being displayed on the website.  In particular, the shaded, semi-transparent box is not merely the image of a hand, arrow, or another form of functional cursor, but is an image that highlights and draws attention to the portion of the product or subject matter displayed on the web page that appears within the shaded box.  That highlighting of, and attention to, a portion of the product or subject matter displayed on the web page is enhanced by the enlarged display of that portion of the product or subject matter appearing within the shaded, semi-transparent box to the right of the specific image.  The specific image generated by Target's Accused Instrumentality relates the content displayed within the shaded, semi-transparent box to the content being displayed on the screen.

32.     To the extent that any required steps of the claim occurred on a device in the possession, custody, or control of and used by a third party, Target performed those steps because it initiated and controlled the performance of those steps.

33.     Since 2016, Target has continued to use this patented method on its target.com website for years.  An example of such use of this patented method is set forth in Figures 3-5 below

(e.g. the image of a portion of the product displayed on the web page surrounded by a box or rectangle on May 5, 2016).



Figure 3

Figure 4



Figure 5

34.    At all times relevant to the asserted claims, the Accused Instrumentality has comprised a method for modifying an initial cursor image displayed on a display of a user terminal connected to at least one server owned, operated or controlled by Target.

35.    The method performed by Target via the Accused Instrumentality has included the step of Target receiving a request at a Target server to provide specified content information to a user terminal.

36.    The method performed by Target via the Accused Instrumentality has included the step of Target providing specified content information to the user terminal in response to the request, which includes a cursor display instruction and an indication of cursor image data corresponding to a specific image.

37.    The method performed by Target via the Accused Instrumentality has included the step of Target providing the cursor display instructions and cursor display code that controls and transforms the initial cursor image displayed on the display of the user's terminal into the shape and appearance of a specific image in response to Target's cursor display instruction.

38.      The specified content information provided by Target via its server has included information that is to be displayed on the display of the user's terminal.

39.      The transformed specific image resulting from Target's infringing process has included content corresponding to at least a portion of said information that is to be displayed on said display of said user's terminal.

40.      Target's cursor display instruction has indicated a cursor display code provided and controlled by Target that is operable to process the cursor display instruction to modify the initial cursor image to the cursor image in the shape and appearance of the specific image responsive to movement of the cursor image over a display of at least a portion of the information to be displayed on said display of the user's terminal.

41.      To the extent that any required steps of the claim occurred on a device in the possession, custody and control of and used by a third party, Target performed those steps because it initiated and controlled the performance of those steps.

42.      Figures 6-8 below reflect that Target used the claimed cursor modification technology described above in June 2016.



Figure 6



Figure 7



Figure 8

43.     Figures 9-11 below reflect that Target used the claimed cursor modification technology described above in July 2016.



Figure 9

Figure 10



Figure 11

44.     Target's acts of infringement of Claim 72 of the `102 Patent include the acts alleged in Lexos Media IP's Disclosure of Asserted Claims and Infringement Contentions (the "Disclosures"), and those disclosures are incorporated by reference herein.

45.     The duty to mark under 35 U.S.C. § 287 is inapplicable to the asserted method claims of the `102 Patent.  There is no applicable marking requirement that has not been complied with.

46.     Lexos Media IP has been damaged by Target's activities that infringed Claim 72 of the `102 Patent.

**SECOND CLAIM FOR RELIEF**
**(Infringement of the `449 Patent)**

47.     Target has directly infringed Claims 1, 38, and 53 of the `449 Patent by using those patented inventions in connection with providing individuals with access to the target.com website and to shop for products and services on the website.  By doing so, Target has infringed Claims 1 and 38 of the `449 Patent by using the claimed system and making that system and the target.com

website available to others for use.  In addition, Target has infringed Claim 53 of the `449 Patent by using the claimed method when providing the target.com website for use by others.

48.     In accordance with Claim 1 of the '449 Patent, at all times relevant to the asserted claims,  the Accused Instrumentality has comprised a server system for modifying a cursor image to a specific image having a desired shape and appearance displayed on a display of a remote user's terminal.

49.     Target's  Accused Instrumentality has included cursor image data corresponding to the specific image.

50.     Target's Accused Instrumentality has included cursor display code which is operable to modify the cursor image.

51.     Target's Accused Instrumentality has included a  server computer for transmitting specified content information to a remote user terminal which has included at least one cursor display instruction indicating a location of cursor image data.  Target's cursor display instruction and cursor display code have been operable to cause the user terminal to display a modified cursor image on the user's display in the shape and appearance of the specific image.

52.     Target, through one of its server computers, has transmitted specified content information to a user's terminal in response to a request from the user terminal for the specified content information.

53.     Target's specified content information has further comprised information to be displayed on the display of the user's terminal which has included content corresponding to at least a portion of the information to be displayed on the display of the user's terminal.

54.     Target's cursor display code has been operable to process the cursor display instruction to modify the cursor image to a cursor image in the shape and appearance of the specific

image in response to movement of the cursor image over a display of at least a portion of the information to be displayed on said display of the user's terminal.

55.     The specific image has related to at least a portion of the information to be displayed on said display of said remote user's terminal.

56.     Target, through the Accused Instrumentality, has used the claimed system for purposes of infringement by putting the invention into service.  In particular, Target has controlled each element of the system and the system as a whole and has obtained a benefit from doing so in the form of improved marketing of products and services sold by Target through its website. Target has provided and controlled any functionality required by the claimed system that has taken place on the user/customer's computer.

57.     In accordance with Claim 53 of the '449 Patent, at all times relevant to the asserted claims, Target's Accused Instrumentality has comprised a method for modifying an initial cursor image displayed on a display of a user terminal connected to at least one server owned, operated or controlled by Target.

58.     In addition, the specific image generated in response to Target's cursor display instruction has a shape and appearance relating to the information to be displayed.

59.     In this connection, Plaintiff incorporates by reference its allegation in Paragraphs 22-24, 38, and 43  above.

60.     Target's acts of infringement of Claims  1, 38, and 53 of the `449 Patent include the acts alleged in Lexos Media IP's Disclosure of Asserted Claims and Infringement Contentions (the "Disclosures"), and those disclosures are incorporated by reference herein.

61.     The duty to mark under 35 U.S.C. § 287 is inapplicable to the asserted method claim of the `449 Patent, and there are no unmarked "patented articles" that were sold or offered

for sale by Lexos Media IP or its licensees of the `449 Patent that were subject to § 287.  In addition, Lexos Media marked its website, *lexosmedia.com*, with the patent numbers of the Asserted Patents. Consequently, Lexos Media IP has complied with the marking requirement under § 287, to the extent it is applicable.

62.     Lexos Media IP has been damaged by Target's infringing activities.

**THIRD CLAIM FOR RELIEF**
**(Infringement of the `241 Patent)**

63.     Target has directly infringed Claim 35 of the `241 Patent by making, using, and putting into service that patented invention in connection with providing individuals with access to the target.com website and to shop for products and services on the website.

64.     Since at least 2016, Target has made, used, and put into service a system for modifying a cursor image comprising at least one client or user computer that has received content information, for example in the form of a web page, from at least one server or website computer owned, operated and/or controlled by Target.

65.     The content information transmitted from the server or website computer to the client or user computer in accordance with this system has included at least one cursor display instruction specifying an appearance of a visual image.  The website provider Target is in control of the process of including cursor display instructions in the transmitted and received web page. Examples of such a visual image are set forth in Figures 4 and 9-11 above (e.g. the image of a portion of the product displayed on the web page surrounded by a box or rectangle).

66.     Also, in accordance with this system and as instructed by the included cursor display instruction, the client or user computer, following receipt of the content information, has processed the cursor display instruction and modified the cursor image to include the visual image,

and displayed a modified cursor image.  The website provider Target is in control of this processing of the cursor display instructions.

67.     The visual image displayed in accordance with this system has included promotional material relating to the subject matter of the displayed web page.  This is depicted in Figures 4 and 9-11 above and Figures 12-20 below.



Figure 12

68.     In accordance with this system, the displayed visual image has tracked movement of the modified cursor image.  This is reflected in Figures 13 and 14 below.



Figure 13



Figure 14

69.     Figures 15-17 below reflect that Target used the claimed cursor modification technology described above in February 2019.



Figure 15

Figure 16



Figure 17

70.    Figures 18-20 below reflect that Target used the claimed cursor modification technology described above in January 2020.



Figure 18



Figure 19



Figure 20

71.     Target, through the target.com website, has used the claimed system for purposes of infringement and has put the claimed system into service.  In particular, Target has controlled each element of the system and the system as a whole and has obtained a benefit from doing so in the form of improved marketing of products and services sold by Target through its website. Target has provided and controlled any functionality required by the claimed system that has taken place on the user/customer's computer.

72.     Lexos Media IP incorporates by reference herein the allegations above in Paragraphs 22-24, 38, 43, 50, 52-53, and 56.

73.     The duty to mark under 35 U.S.C. § 287 is inapplicable to the asserted claim of the `241 Patent because there are no "patented articles" that were sold or offered for sale by Lexos Media IP or its licensees of the `241 Patent that were subject to § 287.  In addition, Lexos Media marked its website, *lexosmedia.com*, with the patent numbers of the Asserted Patents. Consequently, Lexos Media IP has complied with the marking requirement under § 287, to the extent it is applicable.

74.     Lexos Media IP has been damaged by Target's infringing activities.

## DEMAND FOR JURY TRIAL

75.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Lexos Media IP hereby demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Lexos Media IP requests the following relief:

(a)     A judgment in favor of Lexos Media IP that Target has directly infringed one or more claims of the Asserted Patents;

(b)     A judgment and order requiring Target to pay Lexos Media IP damages adequate to compensate for infringement under 35 U.S.C. § 284, which, in no event shall be less than a reasonable royalty for its usage made of the inventions of the Asserted Patents, including pre- and post-judgment interest and costs, including expenses and disbursements; and

(c)     Any and all such further necessary or proper relief as this Court may deem just and equitable.

Dated: December 27, 2022

Respectfully submitted,

**BUETHER JOE & COUNSELORS, LLC**

*/s/ Eric W. Buether*
Eric W. Buether (Lead Counsel)
State Bar No. 03316880
Eric.Buether@BJCIPLaw.com
Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com
Kenneth P. Kula
State Bar No. 24004749
Ken.Kula@BJCIPLaw.com

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone:      (214) 466-1271
Facsimile:      (214) 635-1827

**ATTORNEYS FOR PLAINTIFF
LEXOS MEDIA IP, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail on 27th day of December 2022.

*/s/ Kenneth P. Kula*
Kenneth P. Kula