# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § § | |
| v. | § § | Civil Action No. 2:22-CV-00169-JRG |
| AMAZON.COM, INC. | § § | (Lead Case) |
| LEXOS MEDIA IP, LLC, | § § | |
| v. | § § | Civil Action No. 2:22-CV-00175-JRG |
| TARGET CORPORATION | § § | (Member Case) |
| LEXOS MEDIA IP, LLC, | § § § | |
| v. | § § | Civil Action No. 2:22-CV-00273-JRG (Member Case) |
| OFFICE DEPOT, LLC | § § | |

**PLAINTIFF'S OPPOSED MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO AMEND THE DOCKET CONTROL ORDER, DOCKET No. 97**

Plaintiff Lexos Media IP, LLC ("Plaintiff" or "Lexos Media") files this motion for reconsideration of the Court's Order (Dkt. 97) (the "Order") denying Plaintiff's Motion to Amend the Docket Control Order (Dkt. 94) (the "Motion").

### Introduction

Plaintiff filed its Motion on June 13, 2023. The Motion requested the Court to amend the current Docket Control Order by extending the deadline Plaintiff had to file its opening claim construction brief pursuant to P.R. 4-5(a) by four days, from June 15, 2023 to June 19, 2023, and reciprocally, the deadline for the Defendants to file their response claim construction brief pursuant to P.R. 4-5(b) from June 30, 2023 to July 5, 2023. (Dkt. 94). The deadline for Plaintiff

to file its reply claim construction brief pursuant to P.R. 4-5(c) would have remained July 11, 2023.

Later that same day, Defendants filed a Response to Plaintiff's motion ("Response") (Dkt. 95). The Defendants' Response acknowledged that, before Plaintiff filed the Motion, Plaintiff's counsel "asked if Defendants were willing to propose an alternative schedule," and that "Defendants explained that they did not see an adjustment to the briefing schedule that would work without significantly delaying when the final reply brief would be submitted to the Court." *Id*. at 2. Defendants' Response, however, stated that, "[t]o the extent that the Court is inclined to grant Lexos relief, Defendants request that the Court order that Lexos's opening brief be due June 20, Defendants' response brief be due July 14, and Lexos's reply brief be due July 21." *Id*.

Based upon this accommodation proposed by Defendants, Plaintiff filed a reply brief (Dkt. 96) accepting the Defendants' proposal, and requesting the Court to modify the claim construction briefing schedule as proposed by Defendants. *Id*. at 1. The Court, however, denied Plaintiff's Motion on June 16, 2023 (Dkt. 97). Plaintiff now proposes a slightly modified extension of the claim construction briefing schedule that accommodates Plaintiff's circumstances, provides Defendants with an equivalent extension of time, but shortens Plaintiff's time for filing a reply brief in order to minimize any impact on the Court's ability to review the claim construction briefing materials in advance of the August 9, 2023 *Markmam* hearing date. That schedule is as follows:

Plaintiff's Opening Claim Construction Brief: June 21, 2023;

Defendants' Response Claim Construction Brief: July 10, 2023;

Plaintiff's Reply Claim Construction Brief: July 14, 2023.

### Argument

When considering a motion for reconsideration of an interlocutory order, the Fifth Circuit has instructed district courts to apply the Fed. R. Civ. P. 54(b) standard of review. *See Riley v. Christus Health*, 2023 WL 2564330 (E. D. Tex. 2023); *Austin v. Kroger Tex., L.P.,* 864 F.3d 326, 336 (5th Cir. 2017). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Id*. (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing Fed. R. Civ. P. 54(b)), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994).

Although a motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc*., 367 F.3d 473, 479 (5th Cir. 2004), Plaintiff's motion does not attempt to do so. Instead, it points out material errors of fact in the Order, and presents new evidence supporting Plaintiff's Motion. *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

For example, the Order states that "Defendants oppose the Motion as the requested amended briefing schedule conflicts with travel and vacation plans that were scheduled around the previously agreed-to claim construction briefing schedule." Dkt. 97 at 2 (citing Defendants' Response at 2.) This statement in the Order, however, overlooks the fact that Defendants also agreed that, "[t]o the extent that the Court is inclined to grant Lexos relief, Defendants request that the Court order that Lexos's opening brief be due June 20, Defendants' response brief be due July 14, and Lexos's reply brief be due July 21." Dkt. 95 at 2. Thus, Defendants did **not** oppose Plaintiff's requested extension in this regard. Plaintiff accepted Defendants' proposed alternative extension in its reply brief. *See* Plaintiff's Reply Brief (Dkt. 96).

In addition, although the Court's Order notes that "the order from the Court in the Northern District of Illinois provides that 'Local Counsel is welcome to appear in the interest of conserving resources,'" Dkt. 97 at 2, the Court was not aware that Plaintiff's local counsel, Fuksa Khorshid LLC, ceased acting as local counsel for Plaintiff weeks before the June 15 hearing, and that one of the attorneys formerly employed by that local counsel was unavailable to attend the June 15 hearing on an emergency basis on behalf of Plaintiff on such short, three-days-notice. *See* Eric W. Buether Declaration at 2.

The Court's order also mentioned that, "Plaintiff, who is represented by two law firms and at least four attorneys, has the resources to comply with the Court's deadlines." Dkt. 97 at 2. When the Court made this statement, however, it was unaware that one other attorney representing Plaintiff in these matters who had knowledge of the material facts surrounding the motion to modify the default protective order, Ken Kula, became seriously ill on June 12, 2023, and was confined to his home and could not attend or even participate in the June 15 hearing in Chicago. *See* Kenneth P. Kula Declaration at 2.

Thus, Eric Buether was the only counsel for Plaintiff in the *Abt* case in Chicago who had knowledge of the material facts concerning the motion to be heard at the June 15 hearing, and who had the ability to travel to Chicago to appear at and argue the motion to be heard at that hearing. Plaintiff, therefore, did not have any other realistic opportunity to comply with Magistrate Judge Fuentes's order other than to have Mr. Buether appear at the June 15 hearing. Plaintiff, upon determining that it was incumbent upon Mr. Buether to attend the June 15 hearing in Chicago, immediately followed up with counsel for Defendants about arranging a short extension of the claim construction briefing schedule. The extension agreed to by Defendants in their Response brief, and accepted by Plaintiff in its Reply brief, attempted to accommodate Plaintiff's scheduling

conflict occasioned by the Chicago Magistrate Judge's order while avoiding any prejudice to Defendants and this Court. The new proposed extension included by Plaintiff in this motion continues to avoid any prejudice to Defendants and further reduces any potential prejudice to the Court. Plaintiff requests the Court to reconsider its June 16 Order, grant Plaintiff's currently proposed revision to the Docket Control Order, and enter the attached Opening Claim Construction Brief, Ex. 1, and the Second Amended Docket Control Order, Ex. 2.

Dated: June 21, 2023							Respectfully submitted,

**BUETHER JOE & COUNSELORS, LLC**

By:	*/s/ Eric W. Buether*
	Eric W. Buether (Lead Counsel)
	State Bar No. 03316880
	Eric.Buether@BJCIPLaw.com
	Christopher M. Joe
	State Bar No. 00787770
	Chris.Joe@BJCIPLaw.com
	Kenneth P. Kula
	State Bar No. 24004749
	Ken.Kula@BJCIPLaw.com
	Michael W. Doell
	State Bar No. 24127525
	Mike.Doell@BJCIPLaw.com

	1700 Pacific Avenue
	Suite 4750
	Dallas, Texas 75201
	Telephone:	(214) 466-1270
	Facsimile:	(214) 635-1842

**SETHLAW PLLC**

	Sandeep Seth
	Texas State Bar No. 18043000
	ss@sethlaw.com
	700 Milam Street, Suite 1300
	Houston, Texas 77002
	Telephone:	(713) 244-5017
	Facsimile:	(713) 244-5017


**ATTORNEYS FOR PLAINTIFF
LEXOS MEDIA IP, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(c) on this 21st day of June 2023.  Any other counsel of record will be served by facsimile transmission or first class mail.

*/s/ Eric W. Buether*
Eric W. Buether

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that Plaintiff's counsel has conferred with counsel for defendants and they opposed this motion.

*/s/ Eric W. Buether*
Eric W. Buether