IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § § | |
| v. | § § | Civil Action No. 2:22-CV-00169-JRG |
| AMAZON.COM, INC. | § § | (Lead Case) |

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § § | |
| v. | § § | Civil Action No. 2:22-CV-00175-JRG |
| TARGET CORPORATION | § § | (Member Case) |

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC, | § § § | |
| v. | § § | Civil Action No. 2:22-CV-00273-JRG |
| OFFICE DEPOT, LLC | § § | (Member Case) |

**DECLARATION OF ERIC W. BUETHER**

I, Eric W. Buether, declare:

1. I am a principal with the law firm of Buether Joe & Counselors, LLC ("BJC"), and lead counsel for Plaintiff Lexos Media IP, LLC ("Lexos Media"). I have personal knowledge of the matters set forth below and, if called to testify to them, could do so competently.

2. In the afternoon of June 12, 2023, Magistrate Judge Gabriel A. Fuentes of the Northern District of Illinois issued an order in the related case of *Lexos Media, IP v. Abt Electronics, Inc.*, ordering a hearing in Chicago on June 15, 2023, at 9:00 a.m regarding a motion filed by Defendant Abt in the morning of June 12, 2023. Counsel for Abt did not inform counsel for Lexos Media of Abt's intention to file a motion for modification of the protective order in the *Abt* case until one day before it was filed. Plaintiff's counsel also did not have any reason to

believe that Magistrate Judge Fuentes would order a hearing on Abt's recently-filed motion with less than three-days-notice. No amount of diligence on behalf of Lexos Media's counsel could have enabled Lexox Media's counsel to have avoided the conflict between the June 15 hearing scheduled in the *Abt* case and the June 15 deadline in this case for filing the opening claim construction brief in this litigation that was created by the entry of Magistrate Judge Fuentes' June 12 order.

3. Although Magistrate Judge Fuentes stated in his order that "'[l]ocal counsel is welcome to appear in the interest of conserving resources (Dkt. 94, Exhibit 1)," the local counsel who entered an appearance on behalf of Lexos Media at the outset of that case no longer represents Lexos Media in that matter. In addition, the attorney at that law firm who has since left that firm and has not formally entered an appearance as local counsel on behalf of Lexos Media (Blake Buether) had a deposition scheduled for June 15, which made it impossible for him to appear at the hearing on behalf of Lexos Media. Furthermore, this "local counsel" did not have familiarity with the facts surrounding Abt's motion to be heard on June 15, and therefore could not participate in the hearing in a meaningful manner. Thus, there was no "local counsel" for Lexos Media who could have attended the June 15 hearing, literally or meaningfully.

4. Furthermore, Ken Kula, another attorney at BJC representing Lexos Media in the *Abt* case, encountered a serious and debilitating illness at the beginning of last week which made it impossible to attend the hearing abruptly scheduled for June 15. *See* Declaration of Kenneth P. Kula filed contemporaneously with Lexos Media's Motion for Reconsideration. Thus, Lexos Media could not send Mr. Kula to attend the June 15 hearing in Chicago on its behalf. Nor could he even participate telephonically.

5. In addition, Magistrate Judge Fuentes had held another hearing in the *Abt* case on June 2, 2023. During that hearing, Magistrate Judge Fuentes specifically commented that, although the local rules permitted counsel to appear at a hearing telephonically, he discouraged counsel from appearing at a hearing telephonically if appearing in person at a hearing was possible.

6. Thus, in view of these facts, I, as lead counsel for Lexos Media in the *Abt* case and in this litigation, legitimately believed that it was incumbent upon Lexos Media to send to the June 15 hearing in the *Abt* case an attorney knowledgeable about the facts and the law surrounding Abt's motion to modify the protective order at issue at that hearing. In addition, in view of Magistrate Judge Fuentes' comments strongly encouraging personal attendance by counsel at hearings before Magistrate Judge Fuentes, I concluded that it was incumbent upon me to attend the June 15 hearing in Chicago regarding the *Abt* case. Furthermore, in view of the Amazon Defendants' agreement to modify the claim construction briefing schedule to accommodate this scheduling conflict arising from the order in the *Abt* case, Dkt. 95 at 2, I did not believe that responding to the June 12 order in the *Abt* case, together with any modifications to the briefing schedule accepted by the Amazon Defendants deemed necessary by the Court, would interfere with the timely submission of claim construction briefing to this Court.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed by me on June 20, 2023, in Dallas, Texas.

*/s/ Eric W. Buether*
Eric W. Buether