# EXHIBIT N

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| LEXOS MEDIA IP, LLC,<br><br>    Plaintiff,<br>v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant. | § § § § § § § § § | Civil Action No. 2:22-CV-00169-JRG<br>(Lead Case) |
| LEXOS MEDIA IP, LLC,<br><br>    Plaintiff,<br>v.<br><br>TARGET CORPORATION,<br><br>    Defendant. | § § § § § § § § § | Civil Action No. 2:22-CV-00175-JRG<br>(Member Case) |
| LEXOS MEDIA IP, LLC,<br><br>    Plaintiff,<br>v.<br><br>OFFICE DEPOT, LLC.,<br><br>    Defendant. | § § § § § § § § § | Civil Action No. 2:22-CV-00273-JRG<br>(Member Case) |

**DEFENDANTS' DISCLOSURE OF PRELIMINARY CLAIM CONSTRUCTIONS AND EXTRINSIC EVIDENCE**

Pursuant to the Docket Control Order (ECF No. 48) and Patent Rule 4-2 of the Eastern District of Texas, Defendants Amazon.com, Inc., Target Corporation, and Office Depot, LLC (collectively, "Defendants") hereby set forth the following list of preliminary proposed claim constructions and extrinsic evidence for the asserted claims of U.S. Patent Nos. 5,995,102 ("the '102 patent"); 6,118,449 ("the '449 patent); and 7,975,241 ("the '241 patent").

Defendants reserve the right to add or remove claim terms from those proposed for construction and to amend or supplement these proposed constructions and/or the identification of extrinsic evidence including in response to proposed constructions by Plaintiff Lexos Media IP, LLC ("Plaintiff"), as a result of the meet-and-confer process with Plaintiff, and/or as discovery continues. By proposing a construction for a claim term or failing to propose a construction for a claim term, phrase, or clause, Defendants in no way admit that construction is required, not required, or possible. Defendants also reserve the right to cite additional extrinsic evidence, including dictionary definitions, citations to treatises and prior art, and testimony of percipient witnesses to rebut the proposed constructions of Plaintiff.

In view of the foregoing, Defendants propose that the following terms, phrases, and clauses should be construed as indicated in the following table. The claim numbers identified herein are representative. Unless otherwise indicated, identification of a proposed construction applies equally to other instances of that term, phrase, or clause in any of the asserted claims, including in the claims that are dependent on the claims identified. Defendants reserve the right to seek construction of a smaller component of the term, phrase, or clause proposed for claim construction, and the right to seek construction of terms, phrases, or clauses that includes the term, phrase, or clause proposed for claim construction including for context. The following chart provides exemplary supporting evidence. Identification of a reference as supporting evidence is not an admission

that the reference is "extrinsic," as opposed to "intrinsic," evidence. Defendants reserve the right to amend or otherwise supplement its above identification of supporting evidence that may be used to support, describe, or explain Defendants' preliminary proposed claim constructions. Defendants further reserve the right to identify additional supporting evidence to offer in rebuttal to Plaintiff's proposed constructions. Defendants further reserve the right to identify additional extrinsic evidence that is obtained through further discovery in this matter, including deposition testimony obtained from any third parties (such as named inventors and/or any expert witnesses).

The following preliminary proposed constructions do not waive any argument, such as, for example, that an asserted claim is indefinite or is otherwise invalid under one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112, as detailed in Defendants' Initial Invalidity Contentions and Ineligibility Contentions, and any supplements thereto. For example, Defendants reserve the right to argue that a particular claim term is indefinite and/or fails to satisfy the written description and enablement requirements, regardless of whether the term has been proposed for construction, has not been proposed for construction, and/or was initially proposed for construction but has since been dropped from the terms proposed for construction.

Defendants reserve the right to amend or otherwise supplement the preliminary proposed constructions and/or extrinsic evidence that are provided herein, including after receiving additional discovery in this matter and infringement contentions that comply with the local patent rules (assuming Plaintiff seeks and is granted leave to amend), and also in response to the preliminary proposed constructions and extrinsic evidence that are being concurrently provided in the P.R. 4-2 Disclosure of Plaintiff in this case.

| Claim Term / Phrase | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence |
|---|---|---|
| "cursor image"<br><br>'102 patent, cl. 72.<br>'449 patent, cl. 1, 27, 53.<br>'241 patent, cl. 35. | "an image that indicates a position on a display screen and whose movement is controlled through a mouse or other user input device" | IBM Dictionary of computing (1994) at p. 159.<br><br>IEEE Dictionary of Standard Electrical Terms (1996) at 244.<br><br>Webster's New World Dictionary of Computer Terms (1994) at 140.<br><br>Encyclopedia Macintosh (1990) - at 723.<br><br>Business Dictionary of Computers, (1993) at p. 79.<br><br>A Dictionary of Computing, 4th Edition, (1997) at pp. 114-15. |
| "cursor image data"<br><br>'102 patent, cl. 72.<br>'449 patent, cl. 1, 27, 53. | "data identifying the shape and appearance of the modified cursor image" | |
| "specific image"<br><br>'102 patent, cl. 72.<br>'449 patent, cl. 1, 27, 53. | "modified cursor image, which is static and representative of at least a portion of the subject or topic being displayed on the screen" | *Lexos Media IP. LLC v. AP-MEX, Inc.*, Case No. 2:16-cv-00747-JRG-RSP, ECF Nos. 86, 91.[1] |

---

[1] Defendants contend that the prior orders of this Court construing terms of the asserted claims are not extrinsic evidence, but Defendants have identified those orders purely as a precaution to preclude any arguments of prejudice.

| Claim Term / Phrase | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence |
|---|---|---|
| "said specific image includes content corresponding to at least a portion of said information that is to be displayed on said display of said user's terminal"<br><br>'102 patent, cl. 72.<br>'449 patent, cl. 53.<br><br>"said specific image including content corresponding to at least a portion of said information to be displayed on said display of said user's terminal"<br><br>'449 patent, cl. 1, 27. | "an image representative of at least a portion of the subject or topic being displayed on the screen." | *Lexos Media IP. LLC v. AP-MEX, Inc.*, Case No. 2:16-cv-00747-JRG-RSP, ECF Nos. 86, 91. |
| "initial cursor image"<br>"said cursor image"<br>"cursor image" [see discussion of this term above]<br><br>'102 patent, cl. 72.<br>'449 patent, cl. 1, 27, 53.<br>'241 patent, cl. 35. | "cursor image" should be construed as set forth above.<br><br>"initial cursor image" and "said cursor image" need not be construed. Plain and ordinary meaning suffices. | |
| "modifying (an initial cursor image)"<br>"transforming (said initial cursor image)"<br>"modify (said cursor image)"<br>"modifying (a cursor image)" | Plain and ordinary meaning. | |

| Claim Term / Phrase | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence |
|---|---|---|
| '102 patent, cl. 72.<br>'449 patent, cl. 1, 27, 53.<br>'241 patent, cl. 35. | | |
| "modified cursor image"<br>"said cursor image in the shape and appearance of said specific image"<br><br>'102 patent, cl. 72.<br>'449 patent, cl. 1, 27, 53.<br>'241 patent, cl. 35. | Plain and ordinary meaning (other than incorporated terms addressed above). | |
| "specified content information"<br>"content information"<br><br>'102 patent, cl. 72.<br>'449 patent, cl. 1, 27, 38, 53.<br>'241 patent, cl. 35. | "specified content information" – "information identified by a user to be retrieved from a server for display"<br><br>"content information" – "information retrieved from a server for display" | |
| "cursor display instruction"<br><br>'102 patent, cl. 72.<br>'449 patent, cl. 1, 27, 53.<br>'241 patent, cl. 35. | Plain and ordinary meaning. | |
| "cursor display code"<br><br>'102 patent, cl. 72.<br>'449 patent, cl. 1, 27, 53. | Plain and ordinary meaning. | |
| "corresponding to (a specific image)" | Addressed above in longer phrase. | |

-5-

| Claim Term / Phrase | Preliminary Proposed Construction | Preliminary Identification of Extrinsic Evidence |
|---|---|---|
| "(cursor image data) corresponding to (said specific image)"<br><br>'102 patent, cl. 72.<br>'449 patent, cl. 1, 27, 53. | "Corresponding to" as a standalone term need not be construed. Plain and ordinary meaning suffices. | |
| "server (computer or system)"<br><br>'102 patent, cl. 72.<br>'449 patent, cl. 1, 27, 38, 53.<br>'241 patent, cl. 35. | Plain and ordinary meaning. | |
| "visual image"<br><br>'241 patent, cl. 35. | Plain and ordinary meaning. | |
| "promotional material"<br><br>'241 patent, cl. 35. | Plain and ordinary meaning, though this term refers to printed matter and is entitled to no patentable weight. | |
| "tracks a movement"<br><br>'241 patent, cl. 35. | Plain and ordinary meaning. | |

Dated:  April 18, 2023                                   Respectfully submitted,

                /s/ Janice L. Ta
Janice L. Ta, Texas 24075138
JTa@perkinscoie.com
PERKINS COIE LLP
405 Colorado St.,
Suite 1700
Austin, TX 78701
Tel: (737) 256-6100
Fax: (737) 256-6300

Daniel T. Shvodian, California 184576
DShvodian@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
Tel: (650) 838-4300
Fax: (650) 838-4350

Adam G. Hester, Wisconsin 1128794
(*Admitted Pro Hac Vice*)
AHester@perkinscoie.com
PERKINS COIE LLP
33 East Main Street Suite 201
Madison, WI 53703-3095
Tel: (650) 838-4311
Fax: (650) 838-4350

**ATTORNEYS FOR DEFENDANT AMAZON.COM, INC.**

| | |
|---|---|
| Dated: April 18, 2023 | */s/ Janice L. Ta* <br> Janice L. Ta, Texas 24075138 <br> JTa@perkinscoie.com <br> PERKINS COIE LLP <br> 405 Colorado St., Suite 1700 <br> Austin, TX 78701 <br> Tel: (737) 256-6100 <br> Fax: (737) 256-6300 <br><br> James F. Valentine, California 149269 <br> JValentine@perkinscoie.com <br> PERKINS COIE LLP <br> 3150 Porter Drive <br> Palo Alto, CA 94304-1212 <br> Tel: (650) 838-4300 <br> Fax: (650) 838-4350 <br><br> Adam G. Hester, Wisconsin 1128794 <br> AHester@perkinscoie.com <br> PERKINS COIE LLP <br> 33 East Main Street Suite 201 <br> Madison, WI 53703-3095 <br> Tel: (650) 838-4311 <br> Fax: (650) 838-4350 <br><br> **ATTORNEYS FOR DEFENDANT OFFICE DEPOT, LLC** |

| | |
|---|---|
| Dated: April 18, 2023 | /s/ Benjamin E. Weed |

Benjamin E. Weed (*Admitted Pro Hac Vice*)
benjamin.weed@klgates.com
Gina A. Johnson, (*Admitted Pro Hac Vice*)
gina.johnson@klgates.com
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL 60602
Tel: (312) 372-1121

Melissa Smith (Texas Bar No. 24001351)
Gillam & Smith LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

**ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT TARGET CORPORATION**

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 18, 2023, the foregoing was served upon all counsel of record for Plaintiff via email and U.S. mail.

>                             */s/ Janice L. Ta*
>                                Janice L. Ta